290 So.2d 809 (1974)
STATE of Louisiana
v.
Donald LAURENT.
No. 53879.
Supreme Court of Louisiana.
February 18, 1974.
Rehearing Denied March 22, 1974.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for plaintiff-respondent.
H. W. "Pat" O'Brien, Jr., New Orleans, for defendant-relator.
MARCUS, Justice.
Six charges against defendant resulted from a highway chase in which defendant allegedly evaded sheriff's deputies in his automobile. Two of these charges were dismissed. The remaining charges were: violation of R.S. 14:99, unlawfully operating a motor vehicle on a public highway in a criminally reckless manner; two violations of R.S. 14:37, assault with a dangerous weapon, to-wit, an automobile (upon different persons); and unlawfully operating a motor vehicle on a public highway in excess of the speed allowed by law.
Defendant was charged with these violations in four separate bills of information. According to the minutes of July 17, 1973, trial was held on these four offenses, and, *810 after evidence was adduced, defendant was found guilty as charged. Separate sentences were imposed for each offense.
Defendant sought an appeal to this Court. He urged that, since these charges arose out of one continuous transaction and had been consolidated for trial, the total actual fine imposed was sufficient to bring the penalty within the appellate jurisdiction of the Supreme Court. The motion for appeal was denied by the trial court. Thereupon, defendant filed an application in this Court for writs of certiorari, prohibition and mandamus which was granted.
Defendant urges that the trial judge erred in: (1) finding that his guilt had been proven beyond a reasonable doubt; (2) consolidating all charges for trial when the offenses could not have been joined in a single bill of information; and (3) denying his right of appeal to this Court.
The first and third of these contentions need not be considered. The argument under the first contention is that the trial court should have believed defendant's witnesses over those of the State. This raises a question of the sufficiency of the evidence, not the absence thereof, a matter not reviewable by this Court. The third contention is of no moment in view of the fact that we granted defendant's application for writs. This case is now before this Court in the same posture as if an appeal had been granted.
The sole remaining issue presented for our determination is the legality of the trial court's action in consolidating these four bills of information for trial.
The State contends that defendant consented to the consolidation of the four bills of information for trial; however, in any event, his failure to object and reserve a bill of exceptions constituted a waiver of the objection and an acquiescence in the irregularity. Article 841 C.Cr.P. Also, it is asserted that this is not an error patent on the face of the record.
The pertinent provisions of law are found in Articles 706 and 493 of the Code of Criminal Procedure.
Article 706 provides:
"Upon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants, if there are more than one, could have been joined in a single indictment. The procedure thereafter shall be the same as if the prosecution were under a single indictment."
Article 493 provides:
"No indictment shall charge more than one offense, except as otherwise provided in this Title, but the same offense may be charged in different ways in several counts."
It is evident from the aforesaid authorities that consolidation of two or more indictments for trial is permissible only if they could be joined in a single indictment. The Official Revision Comment under Article 493 C.Cr.P. states: "(b) Arts. 481 and 482 state exceptions to the single charge rule of this article." Article 481 deals with the charge of theft, while Article 482 refers to alternate offenses and special joinder rules in regard thereto. Neither of these exceptions is applicable here.
The record before us shows that the defendant filed no pretrial motion for severance, raised no objection to the consolidated trial and perfected no bills of exceptions.
We need not pass on whether the failure to object or reserve a bill of exceptions to the consolidated trial constituted a waiver of the objection and an acquiescence in the irregularity. Article 841 C. Cr.P. Cf. State v. Grey, 257 La. 1070, 245 So.2d 178 (1971). Furthermore, we need not consider whether the error is one discoverable by mere inspection of the pleadings *811 and proceedings. Article 920 (2) C. Cr.P. For here, the error complained of was harmless. The misdemeanors arose out of one continuous transaction. The matter was tried by a judge without a jury. No showing was made by relator that the defenses were antagonistic or that the evidence of each offense would not have been admissible as part of the res gestae of the other. As a matter of fact, there is no transcription of the trial testimony. Thus, we do not find that the consolidated trial constituted a substantial violation of a constitutional or statutory right. At most, it was harmless error. See Article 921 C.Cr.P.
For the reasons assigned, the conviction and sentences are affirmed.
BARHAM, J., dissents with reasons.
DIXON, J., dissents.
BARHAM, Justice (dissenting).
I must dissent from a holding by this Court which refuses to recognize, as discoverable by a mere inspection of the pleadings and proceedings, reversible error manifested by multiple crimes being charged in multiple bills of information, which crimes are subsequently jointly tried even though they could not be joined in a single bill of information. See my dissent in State v. Peters on first hearing (La. 1973) (rehearing granted January 11, 1974). The four offenses with which defendant was charged could not, under our Code of Criminal Procedure Articles 493 and 706, be jointly charged in one bill of information or joined for trial.
As I stated in my dissent on first hearing in the Peters case, the error committed by joining offenses for trial which cannot legally be joined is error discoverable by a simple examination of the pleadings and proceedings and is not an error which the defendant waives by failure to timely object or reserve a bill.
The apparent distinction made by the majority between trial before judge and trial by jury is immaterial. While a judge, sitting without a jury, may be more capable of compartmentalizing the four offenses in such a way that possible prejudice to the defendant is minimized or erased, violation of the very clear and mandatory provisions of our Code of Criminal Procedure Articles 493 and 706 is not rendered harmless by our assumption that the judge has superior ability to ignore the effect of the joint trial of the multiple offenses. Defendant has suffered a "* * * substantial violation of a * * * statutory right.", (C.Cr.P. Art. 921) and the error cannot be termed harmless. In fact, defendant has suffered an absolute violation of a statutory right for the majority refuses to apply the statute.
I respectfully dissent.