367 So.2d 755 (1979)
STATE of Louisiana, Respondent,
v.
Larry NETTLETON, Terry Nettleton and Kerry Nettleton, Relators.
No. 62491.
Supreme Court of Louisiana.
January 29, 1979.
*757 Charles J. Hanemann, Henderson, Hanemann & Morris, Houma, for defendants-relators.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., for plaintiff-respondent.
WILLIAM A. CULPEPPER, Justice Ad Hoc[*]
The district attorney of Terrebone Parish received complaints that shrimp fishermen were being harassed while trying to operate their boats in the area of Bayou Barre. Accompanied by members of the State Police Water Patrol, an agent of the Louisiana Wildlife and Fisheries Commission, and an officer of the State Police Narcotics Division, the district attorney conducted a surveillance on the night of June 10, 1976 from a shrimp boat belonging to Mr. Aaron Pellegrin, one of the complainants. Based on the occurrences of that night, the State of Louisiana, through the district attorney for the Thirty-second Judicial District, Terrebone Parish, Louisiana, filed on July 2, 1976 twelve Bills of Information against three brothers, Kerry, Larry and Terry Nettleton, charging them with the following crimes:

 Statute Allegedly Docket
"Defendant Crime Violated Number
Kerry Nettleton Reckless operation of a motorboat La. R.S. 34:851.9 63,398
Kerry Nettleton Operating a motorboat without La. R.S. 34:851.8 F 68,399
 life jackets
Kerry Nettleton Operating a motorboat without La. R.S. 34:851.8 G 68,400
 a fire extinguisher
Kerry Nettleton Operating a motorboat without La. R.S. 34:851.4 A 68,401
 boat registration
Larry Nettleton Reckless operation of a motorboat La. R.S. 34:851.9 68,402
Larry Nettleton Reckless operation of a motorboat La. R.S. 34:851.9 A 68,403
Larry Nettleton Operating a motorboat without La. R.S. 34:851.8 B 68,404
 running lights
Larry Nettleton Operating a motorboat without La. R.S. 34:851.8 F 68,405
 life jackets
Terry Nettleton Aggravated assault with a motorboat La. R.S. 14:37 68,406
Terry Nettleton Operating a motorboat without La. R.S. 34:851.8 B 68,407
 running lights
Terry Nettleton Reckless operation of a motorboat La. R.S. 34:851.9 68,408
Terry Nettleton Reckless operation of a motorboat La. R.S. 34:851.9 68,409"

The defendants moved to quash all twelve Bills of Information on the grounds that the Federal Boat Safety Act, 46 U.S. C.A., Sec. 1459, pre-empts the field of boat safety which the above state statutes purport to regulate. The district court denied the motion to quash. Defendants applied to the Louisiana Supreme Court for a writ of certiorari, which was denied for the reason that relators had an adequate remedy by review, in the event of conviction.
*758 The twelve charges were consolidated and fixed for trial by jury of six members on April 5, 1978. Over defense objection, the Court severed the four charges against Kerry Nettleton, on the ground that the maximum cumulated imprisonment for the four charges against Kerry did not exceed six months. The trial of the charges against Kerry before a judge alone was postponed to a later date.
The charges against Larry and Terry proceeded to trial on April 5, 1978 before a jury of six members. Terry and Larry were each convicted of violating the charge of operating a motorboat without running lights, LSA-R.S. 34:851.8 B. They were acquitted of all other charges. The district judge imposed upon each the maximum fine of $25 and ordered that each pay one-half of the court costs, in default of which they were sentenced to serve a period of thirty days each in the parish jail.
All three defendants applied for writs of certiorari and review. Terry and Larry, the defendants who were tried and convicted on one charge each, rely on Assignments of Error 1 through 4 for reversal of their convictions and sentences. Kerry Nettleton, whose trial was severed over his objection, relies on Assignment of Error # 1, and he also argues in Assignment of Error # 5 that because the maximum cumulated fines for the four charges against him exceed $500, he is entitled to trial by jury of six.
ASSIGNMENT OF ERROR NO. 1
In Assignment of Error No. 1, the defendants argue that the trial court should have granted the motion to quash the Bills of Information because the Federal Boat Safety Act, particularly 46 U.S.C.A., Sec. 1459, and the regulations promulgated thereunder, pre-empt the field of boat safety on navigable waters, on which La.R.S. 34:851.8 B purports to legislate. 46 U.S. C.A., Sec. 1459, relied on by defendants as the basis for federal pre-emption, reads as follows:
"Sec. 1459. Federal preemption in issuance of standards
"Unless permitted by the Secretary under section 1458 of this title, no State or political subdivision thereof may establish, continue in effect, or enforce any provision of law or regulation which establishes any boat or associated equipment performance or other safety standard, or which imposes any requirement for associated equipment, except, unless disapproved by the Secretary, the carrying or using of marine safety articles to meet uniquely hazardous conditions or circumstances within the State, which is not identical to a Federal Regulation issued under section 1454 of this title. Pub.L. 92-75, Sec. 10, Aug. 10, 1971, 85 Stat. 217."
Section 1454 of the Federal Statute provides that the secretary may issue regulations establishing minimum safety standards for boats, equipment on boats, classes of boats, navigational lights, etc. The regulations contained in the Western Rivers Rules of the Road, 33 U.S.C.A., Sec. 301, et seq., provide in pertinent part:
"Sec. 321. Lights of motor boats (Rule 12)
"Motorboats, when not engaged in towing, shall be lighted as provided by the Motorboat Act of April 25, 1940, as amended."
The Federal Motorboat Act of 1940, 46 U.S.C.A., Sec. 526, et seq., provides for the classification of motor boats and the lights required thereon. The La.Statute under which defendants were charged, is Act 43 of 1960, LSA-R.S. 34:851.1, et seq., whose stated purpose is to promote safety in the use of motor boats and vessels, and to promote uniformity of laws relating thereto. Larry's shrimp boat is a motorboat, 32 feet long. Terry's shrimp boat is a motorboat, 23 feet long. LSA-R.S. 851.8 A, which provides for the classification of motorboats, and 851.8 B, which provides the lights required on each class, are identical to the Federal Motorboat Act of 1940, 46 U.S.C.A., Sec. 526b, insofar as they apply to the motorboats of Larry and Terry at issue here. *759 Thus, the state statute complies with the requirement of 46 U.S.C.A., Sec. 1459, quoted above, that any state regulations be identical to the federal regulations, insofar as the charges at issue here are concerned.
Defendants' initial argument that the Federal Boat Safety Act pre-empts the field of boating safety on the navigable waters of the State of Louisiana has no merit. The Federal Statute, 46 U.S.C.A., Sec. 1459, expressly provides that the states may establish boat safety regulations, so long as they are identical to the federal regulations. Defendants cite no statute or jurisprudential authority to the contrary.
In a supplemental brief filed after oral argument in this Court, defendants concede that the regulations provided in the Federal Motorboat Act of 1940, 46 U.S.C.A., Sec. 526b, are identical with those under La. Revised Statutes 34:851.8 A and B. However, defendants now argue that the Secretary of Transportation has issued other regulations, 29 C.F.R. Sec. 25.01-10 and Sec. 24.05-15 dealing with lighting requirements on motorboats subject to the Western Rivers Rules. They argue that these rules require that motorboats carry either the navigational lights required by the Federal Motorboat Act of 1940, or, alternatively, those called for by the International Regulations For Preventing Collisions At Sea, 1972 (72 COLREGS), 33 C.F.R., Sec. 87.1, et seq., Appendix A. Defendants contend that since the Federal Regulations give the owner of the boat the option of two different kinds of lights, and the state statute does not, the state regulations are not identical to the federal and are pre-empted.
This argument has no merit. The purpose of the federal pre-emption provided in 46 U.S.C.A., Sec. 1459 is to promote boat safety through uniformity of regulations, including those applicable to navigational lights. It is inconsistent with this purpose to argue that since a federal regulation permits different optional lights, the state statute is pre-empted and therefore unenforceable because it does not also permit optional lights.
For the reasons stated, we find no merit in Assignment of Error No. 1.
ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2, the defendants Larry and Terry argue that the trial judge erred in conferring with a juror, first without counsel, then with counsel, outside the defendants' presence, concerning the juror's ability to render a verdict.
The record shows that after the first day of the trial, a juror, Hank Verdin, went to the office of the trial judge and stated that he could not serve as a juror because he was a commercial fisherman, the same as the defendants, and he could not decide the case. The district judge immediately summoned counsel for the State and for the defense to his chambers and explained the problem. Counsel were requested to research the law and advise the Court the next day.
When the trial resumed the next morning, defense counsel objected to the conference in chambers between the juror and the judge and to the conference between the judge and counsel on the grounds that defendants had not been present at either conference. The judge noted that defense counsel had not requested that defendants be present on the previous day and so found that no prejudice had occurred. The juror was then called into court and testified as to what had happened the afternoon before. The judge then proposed three alternatives: (1) Keeping the juror, (2) dismissing him and using an alternate, and (3) declaring a mistrial. The judge and the prosecutor initially were in favor of calling an alternate, but defense counsel requested that the juror not be disqualified without legal cause. After an extended discussion, during which the State at one time moved for a mistrial and was opposed by defense counsel, the juror was allowed to remain and the trial continued.
In brief, defense counsel relies on the case of State v. White, 244 La. 585, 153 So.2d 401 (La.1963), in which a juror, suspecting that he may be disqualified after five days of trial, asked to talk to the trial *760 judge. The judge called both counsel into his chambers to confer with the juror, but defense counsel objected because the conference was being held outside the defendants' presence. After the recess, and in open court, the judge substituted the alternate juror and refused to allow defense counsel to cross-examine the juror that was excused. On rehearing, this court stated that after a juror is selected "the accused has a right to have the particular jurors selected to try him decide his fate." This court explained that the trial judge had in effect permitted the juror to excuse himself. LSA-R.S. 15:362 requires that the judge ascertain from the facts whether there is cause to discharge a juror.
This case is distinguished from White. In White, the judge excused without legal cause a juror who had already been selected. In the instant case, the judge acquiesced in defense counsel's request to keep the disputed juror in accordance with White. We find no merit in Assignment of Error No. 2.
ASSIGNMENT OF ERROR NO. 3
In Assignment of Error No. 3, Larry and Terry argue the district judge erred in overruling the defendants' objection that the State had failed to comply with Article 766 of the Code of Criminal Procedure by merely paraphrasing the Bills of Information, when that article requires that the opening statement of the State shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the State expects to prove the charge.
La.Code of Criminal Procedure, Article 766 states:
"Art. 766. Opening statement by state; scope
"The opening statement of the state shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge. Source: New; cf. former R.S. 15:333."
It is well settled that the scope of the opening statement is left to the sound discretion of the trial judge. State v. Kinchen, 342 So.2d 174 (La.1977); State v. Bolen, 338 So.2d 97 (La.1976); State v. Schoonover, 252 La. 311, 211 So.2d 273 (La.1968). Moreover, the State need not give in minute detail all evidence by which it intends to prove its case. State v. Sneed, 316 So.2d 372 (La.1975); State v. Roquemore, 292 So.2d 204 (La.1974); State v. Himel, 260 La. 949, 257 So.2d 670 (La.1972). Furthermore, this Court has rejected a similar attack where defendant maintained that the State failed to assert in its opening statement that an essential element of the crime charged existed. Kinchen, supra. Finally, while there does appear to be some support for defendants' contention, State v. Ducre, 173 La. 438, 137 So. 745 (La.1931), a review of the State's opening statement does not appear to support the position that the State only paraphrased the charges against defendant. The State elaborated upon the burden of proof it needed to meet and the fact that no juror would be allowed to consult a transcript of testimony during its deliberations. The prosecutor further stated that he would put witnesses on the stand that were present when the alleged offenses occurred and gave their names and occupations.
We find no merit in Assignment of Error No. 3.
ASSIGNMENT OF ERROR NO. 4
In Assignment of Error No. 4, the defendants Larry and Terry argue the district judge erred in taxing them with costs of court of all eight charges on which they were tried, although they were convicted of only two charges and acquitted on six charges.
The minutes of the district court for April 13, 1978 show that in Case No. 68404, State of Louisiana v. Larry Nettleton, and Case No. 68407, State of Louisiana v. Terry Nettleton, which were the cases charging operation of a motorboat without running lights, each of the accused was sentenced as follows:
"Whereupon, after having had their say, each accused was sentenced to pay a fine *761 of $25 and costs of court (each to pay one-half of the costs) and, in default of which, they are to serve a period of thirty (30) days in the parish jail."
La.Code of Criminal Procedure Article 887 provides in pertinent part:
"A defendant who is convicted of an offense shall be liable for all costs of the prosecution, whether or not costs are assessed by the court. A defendant shall not be liable for costs in the event of an acquittal or a dismissal of the prosecution."
LSA-R.S. 13:846, 13:847 and 13:848 provide for the assessment of costs, the amount thereof, and their collection in criminal cases.
We cannot agree with counsel for defendants that the above quoted sentence in the two cases charging operating a motorboat without running lights taxed the defendants with the costs of court of those cases in which they were acquitted. We understand the sentence to mean that the defendants are taxed with costs only in the two cases in which they were convicted, and that each is to pay one-half of the combined costs. We find it improper to combine the costs of the two cases and tax each defendant with one-half. The costs may not be the same in both cases. Each defendant should be taxed only with the costs in the case in which he was convicted. We will amend the sentence accordingly.
The record before us does not show what costs of prosecution have been or will be assessed, or the method of computation. If and when the clerk of court proceeds under LSA-R.S. 13:848 to collect the costs, the defendants may at that time raise objection to the amount or the method of computation.
ASSIGNMENT OF ERROR NO. 5
Assignment of Error No. 5 concerns only the defendant, Kerry Nettleton, whose trial was severed and postponed to a later date before a judge alone. Kerry argues the district judge erred in denying him a jury trial on the four charges listed above, since the aggregate fines which could be imposed on conviction of these four charges exceeds $500, even though the aggregate imprisonment does not exceed six months. The aggregate fines could be $575.
La.Const. of 1974, Art. 1, Sec. 17 provides in pertinent part:
"A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict."
Although the constitutional provision does not apply to fines, the legislature adopted La.Code of Criminal Procedure, Art. 779 which provides:
"Art. 779. Trial of misdemeanors
"A. A defendant charged with a misdemeanor in which the punishment may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of six jurors, five of whom must concur to render a verdict.
"B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.
Amended by Acts 1968, No. 635, Sec. 1; Acts 1974, Ex.Sess. No. 23, Sec. 1, eff. Jan. 1, 1975; Acts 1975, 1st Ex.Sess. No. 16, Sec. 1, eff. Jan. 28, 1975."
In State v. McCarroll, 337 So.2d 475 (La.1976), this Court reversed prior jurisprudence and held that where two or more charges are joined for trial, the right to a jury must be determined by the aggregate punishment which may be imposed in that case. McCarroll involved aggregate imprisonment exceeding six months, rather than fines exceeding $500. However, the rule stated in McCarroll is controlling here.
We conclude the trial judge erred in denying Kerry Nettleton a trial by jury of six.
For the reasons assigned, the convictions and sentences of Larry Nettleton and Terry Nettleton are affirmed, except that each is taxed only with the costs of prosecution in the case in which he was convicted. The order of the trial judge denying Kerry Nettleton a jury trial is reversed and set *762 aside, and his case is remanded to the trial court for further proceedings according to law and the views expressed herein.
MARCUS, J., concurs in part and dissents in part and assigns reasons.
MARCUS, Justice (concurring in part and dissenting in part).
I concur with the affirmances of the convictions and sentences of Larry and Terry Nettleton. However, I dissent from the setting aside of the order of the trial judge denying Kerry Nettleton a jury trial. The state has the right to institute criminal prosecutions against those who have violated a criminal law. La.Code Crim.P. art. 381. In the instant case, if the state had elected to charge the four offenses in the same information, it would have thereby conferred upon defendant the right to a jury trial, assuming arguendo that the rationale of State v. McCarroll, 337 So.2d 475 (La.1976) would apply. However, this case does not involve a McCarroll situation since the state elected to charge the multiple offenses involved herein in separate informations. From the record, it appears that the four charges against Kerry Nettleton were to be consolidated for trial. Defendant Kerry Nettleton argues that he is thus entitled to a jury trial since the aggregate fines which could be imposed on conviction exceed five hundred dollars. I do not agree. Defendant Kerry Nettleton has the right to choose either to be tried separately on each information or, upon his own motion, to have the four informations consolidated for trial. La.Code Crim.P. art. 706. He may not, however, elect to consolidate in order to create a McCarroll situation and thus confer upon himself the right of a jury trial. This right arises only if the state charges a defendant with two or more offenses in the same information creating a McCarroll situation. La.Code Crim.P. art. 493; State v. McCarroll, supra.
NOTES
[*] Chief Judge William A. Culpepper of the Court of Appeal, Third Circuit, participated in this decision in place of Chief Justice Sanders, retired.