408 So.2d 1099 (1981)
STATE of Louisiana
v.
Darold COMEAUX.
No. 81-K-1214.
Supreme Court of Louisiana.
November 16, 1981.
*1100 Joseph A. Koury, Constance A. Koury of Koury & Koury, Lafayette, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Charles Brandt, Asst. Dist. Atty., for plaintiff-respondent.
COLE, Associate Justice Ad Hoc.[*]
On September 26, 1980, the defendant, Darold Comeaux, was charged by way of two separate affidavits with aggravated assault (Docket No. Sc. 21,685) and simple battery (Docket No. Sc. 21,686) on one Joseph Robin in violation of La.R.S. 14:37 and 14:35. The defendant was arraigned on October 16, 1980, and when the two docket numbers were announced by the prosecutor defense counsel stated, "We waive arraignment and enter a plea of not guilty." The court then inquired whether the defense had any motions and the reply was, "I doubt that I'll have any motions, judge." A trial date was then set by the court.
*1101 On November 28, 1980, the state, over defense objection, first proceeded with trial of the aggravated assault charge alone. The objection was that this procedure denied him his right to trial by jury. Although defendant again had the opportunity to do so, he made no motions. After hearing the evidence, the trial court rendered a guilty verdict as to aggravated assault. Defendant then re-urged his objection to trying these offenses separately, but agreed to stipulate with the state that the same evidence would be presented on the simple battery charge. A guilty verdict was thereupon rendered on this charge. The trial court has stayed all proceedings, including sentencing, pending this court's review.

FACTS
At approximately 9:00 P.M. on September 24, 1980 Darold Comeaux drove up to a service station owned and operated by Joseph Robin and located in Lafayette, Louisiana. Comeaux waited at a self service island for a few minutes, then exited his car and indignantly entered the station. Once inside the station he threw a twenty dollar bill on the counter and demanded someone pump the gas for him. Robin, who was inside the station with two of his employees, Charles Williams and Christopher Grossie, responded this was a self service station and that he, Comeaux, did not have to spend his money there. Comeaux then started pushing Robin and calling him derogatory names. Robin told him to leave the premises. Comeaux grabbed the twenty dollar bill, reached for the door but turned around and swung at Robin, missing him. Robin then hit Comeaux in the face a couple of times and Comeaux reached inside his jacket as though trying to pull out a gun. At that, Robin dropped his hands. Comeaux then landed two hard punches to Robin's face and asked Robin if he had enough. Robin replied, "Yes, please leave my premises." Comeaux then reached into his coat, pulled out his revolver, pointed it at Robin and said "because I'd kill you, old man." Grossie stepped in between the two and said he would pump the gas. Comeaux gave Robin some napkins to wipe the blood from his face and Williams gave him a towel. Comeaux put the gun back in his coat, paid for the gas, and left.[1] Robin received stitches for a cut around his eye. One of the attendants obtained the license number from Comeaux's car and the police thereafter apprehended him.

ASSIGNMENT OF ERRORS NOS. 1, 2 AND 3
Defendant assigns first as error the trial court's failure to inform him of his right to a trial by jury at the time of arraignment. The argument is predicated on the proposition the defendant is entitled to a jury trial where he is subjected to the possibility of imprisonment for a period greater than six months if convicted of two offenses arising out of the same transaction or course of conduct yet charged by way of separate affidavits. Defendant emphasizes both the aggravated assault charge and the simple battery charge arise from the same incident, both charges were tried consecutively before the same judge, and the same prosecutor merely resubmitted the evidence addressed at the first trial for the trial on the second offense. Defendant also contends the charges were initially joined at arraignment. However, this is not so. Each charge was given its own case number from the outset.
In Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the United States Supreme Court held the Sixth Amendment, as applied to the states through the Fourteenth, requires that defendants accused of "serious crimes" be afforded the right to trial by jury. Subsequently, the court defined "serious crimes" as those in which the possible penalty exceeds six months' imprisonment. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 *1102 L.Ed.2d 437 (1970). These principles are reflected in Article I, § 17 of the 1974 Louisiana Constitution, which provides in pertinent part:
"* * * A case in which the punishment may be confinement at hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict."
La.C.Cr.P. Art. 779 was enacted pursuant to this constitutional provision and subsequently amended to require a unanimous verdict as follows:
"A. A defendant charged with a misdemeanor in which the punishment may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
"B. The defendant charged with any other misdemeanor shall be tried by the court without a jury."
In City of Monroe v. Wilhite, 255 La. 838, 233 So.2d 535 (1970), cert. denied, 400 U.S. 910, 91 S.Ct. 136, 27 L.Ed.2d 150 (1970), this court stated the right to a jury trial is tested by the punishment authorized for each particular offense. It was held the two offenses which were consolidated for trial pursuant to La.C.Cr.P. Art. 706 did not require a jury trial under La.C.Cr.P. Art. 779 because neither of the two carried a greater punishment than a fine of $500.00 or six months imprisonment. See also, State v. Robertson, 310 So.2d 619 (La.1975).
In State v. McCarroll, 337 So.2d 475 (La. 1976), this court overruled the holding in City of Monroe v. Wilhite, supra, in light of Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974) and Art. I, § 17, La.Const. (1974). In Codispoti the defendants had been tried before a judge on several charges of contempt which had arisen from their criminal trial. The contempts against each defendant "was tried seriatim in a single proceeding, and the trial judge not only imposed a separate sentence for each contempt but also determined that the individual sentences were to run consecutively rather than concurrently, a ruling which necessarily extended the prison term to be served beyond that allowable for a petty criminal offense." 418 U.S. at 516, 94 S.Ct. at 2693. The court then noted "In terms of the sentence imposed ... each contempt was tried for what was the equivalent to a serious offense and was entitled to a jury trial." Id. The United States Supreme Court then rejected the reasoning which supported this court's decision in City of Monroe v. Wilhite, supra:
"We find unavailing respondent's contrary argument that petitioners' contempts were separate offenses and that, because no more than a six months' sentence was imposed for any single offense, each contempt was necessarily a petty offense triable without a jury. Notwithstanding respondent's characterization of the proceeding, the salient fact remains that the contempts arose from a single trial, were charged by a single judge and were tried in a single proceeding. The individual sentences imposed were then aggregated, one sentence taking account of the others and not beginning until the immediately preceding sentence had expired." Id.
Since the defendants in McCarroll were convicted of multiple counts of aggravated assault and simple battery and most of their sentences were directed to run consecutively, this court reasoned that Codispoti required a jury trial and the defendants did not intelligently waive the same. This court then went on to also base its decision on the 1974 Louisiana Constitution, as follows:
"A jury trial was also required in this case by the wording of our constitutional provision, supra, which hinges the right not upon the penalty carried by the particular charge for which an accused is tried, but upon the punishment which may be imposed in each case. La.Const. Art. I, § 17 (1974). Therefore, where two or more charges are joined for trial the right to a jury must be determined by the total punishment which may be imposed in that case."
Two distinctions between the present case and McCarroll are noteworthy. First, *1103 in McCarroll and in Codispoti consecutive sentences aggregating more than six months were actually imposed. Secondly, McCarroll involved multiple counts in a single bill of information whereas the present case involves two separate affidavits and two separate trials.
The first distinction, between potential sentences and those actually imposed, does not bar review of the more fundamental issue presented. In State v. Nettleton, 367 So.2d 755 (La.1979), this court held the trial court erred in denying defendant a jury trial on four charges which apparently were to be consolidated for trial,[2] since the aggregate fines which could be imposed on conviction of those four charges exceeded $500.00. In such a circumstance, we concluded La.C.Cr.P. Art. 779 required a jury trial.[3] In State v. Grimble, 397 So.2d 1254 (La.1981), this court further held the trial court may not curtail the accused's jury trial right in advance by agreeing to limit the sentence in the event of conviction. Also, in Duncan v. Louisiana, supra, the United States Supreme Court did not concern itself with the actual sentence, but only with whether the possible jail sentence exceeded six months. We now expressly hold, assuming other criteria are satisfied, the possibility of being subjected to imprisonment for a period greater than six months overrides consideration of the actual sentence imposed, or an agreed limitation upon the possible sentence, when determining whether the right to a jury trial exists.[4]
The second distinction between McCarroll and the present case, i.e., multiple counts in a single bill of information as compared to separate affidavits for separate charges, raises the primary question of whether the defendant under the facts of this case was, at time of arraignment, entitled to a jury trial. The salient facts of this case are: defendant's conduct resulted in multiple charges; a separate affidavit was filed and maintained for each charge; and, a separate trial was scheduled for each charge (there was no consolidation at arraignment).
Article I, § 17 of the 1974 Louisiana Constitution in pertinent part provides: "A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict." (Emphasis added.) In determining whether a right to a jury trial attaches pursuant to this provision, this court has focused on the maximum penalty which may be imposed in each case. State v. Grimble, supra; State v. Jones, 396 So.2d 1272 (La.1981); State v. Nettleton, supra; State v. McCarroll, supra. The "maximum penalty" has been computed by aggregating the penalties which may be imposed upon conviction of each count of a single indictment or bill of information brought before the court in a single trial or proceeding. State v. Grimble, supra; State v. Jones, supra; State v. McCarroll, supra.
A "case" is formally delineated by the bill of information, indictment or affidavit. The case docket number is derived from the affidavit, bill of information or indictment. Cases may be subsequently consolidated pursuant to motion and offenses in an indictment or bill of information may be subsequently severed for separate trial if either party is prejudiced. See *1104 La.C.Cr.P. Art. 706 and 495.1; see also, Fed.R.Cr.P. 13. Unless the court orders such consolidation or severance the "case" remains as originally delineated.
The defendant herein was charged by way of two separate affidavits. Two case docket numbers were assigned to the offenses of aggravated assault and simple battery. At arraignment, the two docket numbers were called out by the prosecution as the matters then to be taken up by the court. Even though both offenses arose from the same incident, there are separate and distinct elements to each offense and each offense was tried separately.[5] It is clear these are two separate cases. The fact defendant was notified by way of a single summons and arraigned on both charges at the same time merely indicates judicial efficiency and does not detract from the formal delineation of the two cases. These offenses continued to be embodied in two separate cases even after defendant's objection and the penalties are not to be aggregated to determine whether a right to a jury trial attaches pursuant to La.Const., Art. I, § 17. There being no right to trial by jury at the time of arraignment, there can be no error in failing to inform the defendant of such a right.
Assignment of Error No. 1 is without merit.
In Assignment of Error No. 3, the defense argues the trial court erred in allowing the state to sever the offenses and in not ordering consolidation and trial by jury upon defense counsel's objection. Defendant contends the state deliberately deprived him of his right to a jury trial because the offenses charged herein could have been properly brought in one bill of information. He complains his right to a jury trial should not depend on the prosecutor's or court's discretion in deciding how to charge a defendant and whether cases should be consolidated. Defendant works from the assumption the two cases were somehow informally consolidated at arraignment.[6] Therefore he posits an objection was all that was needed when the state indicated it intended to try the aggravated assault charge first.
The transcript of the arraignment proceeding indicates the prosecutor called out the docket numbers of both charges in open court. Since the defendant waived formal arraignment the transcript of this proceeding is not very enlightening as to how these cases were purportedly consolidated. Moreover, the trial court ruled there was no joinder of offenses or consolidation of cases here. The trial court was correct and, therefore, the severance complained of did not occur and could not have occurred.
A review of the colloquy concerning the state's decision to try these cases separately and defense counsel's response thereto is enlightening. The state indicated it would try the aggravated assault charge first unless defense counsel wished to try both charges at once. Defense counsel made no immediate response but then later objected the state was deliberately depriving his client of a jury trial.
Defendant now proposes the court should have ordered the cases consolidated even though no such motion was made. However, La.C.Cr.P. Art. 706 predicates the consolidation of cases only on a defense motion. See, La.C.Cr.P. Art. 706, Official Revision Comment (b). The trial court is not empowered to order consolidation on its own *1105 motion. Moreover, the trial court would have to take such actions based on its own intuition.
Defense counsel contends defendant is completely at the mercy of the prosecutor and the court because of the state's power to charge by way of separate affidavits and the court's discretion to deny a motion for consolidation. He asserts the prosecutor and court could forever avoid a trial by jury simply by filing a separate affidavit for each charge. The flaw in this argument is that it is premised on the assumption the prosecutor and court have unbridled power to charge by way of separate offenses or deny motions to consolidate. To the contrary, both the state and the trial court are constrained by the United States Constitution, the Louisiana Constitution of 1974 and the Louisiana Code of Criminal Procedure. This court reviews the wielding of power and safeguards against its abuse. Thus in State v. Jones, supra, this court reversed a conviction where the trial court granted the state's motion to sever offenses solely for the purpose of depriving defendant of a jury trial.
In this case, if the defendant had moved to consolidate the offenses then the trial court would be constrained to order consolidation unless the state could show a legitimate prosecutorial end in opposing consolidation. This court held in Jones that depriving a defendant of a jury trial is not a legitimate prosecutorial end. However, in the current posture of this case, we are left to speculate as to why the state proceeded by way of two separate affidavits. The motion for consolidation needed to be made at the trial court level. Only then could the possible issues involved be properly put in perspective. Defense counsel's mere objection does not suffice.
We find no merit in Assignment of Error No. 3.
In Assignment of Error No. 2 defense argues the trial court erred in holding a motion for consolidation was necessary to preserve the defendant's right to trial by jury. Defendant contends a formal motion is not necessary to accomplish consolidation, that the trial court informally consolidated these cases and that he did not waive the fundamental right to a jury trial by failing to use "magic words" to preserve it.
Defense counsel makes a convoluted argument apparently predicated on the assumption the cases herein were consolidated. He directs attention to the trial court's "Ruling on Motion in Arrest of Judgment," wherein the trial court supposedly held a motion for consolidation was necessary to preserve the defendant's right to trial by jury. There is no such holding in the trial court's ruling. Rather, the court merely questioned whether a motion to consolidate could have constituted a waiver of the right to trial by jury. There is no such holding because defense counsel made no such motion. If he would have motioned to consolidate these two cases pursuant to La.C.Cr.P. Art. 706, then the trial court could have ruled on this unanswered question. See, State v. Nettleton, supra, Marcus' dissent; State v. Bufalo, 346 So.2d 1107 (La.1977); Joseph, Work of Appellate Courts 1976-77, 38 La.L.Rev. 541 (1978). Since no such ruling was made by the trial court, the issue is not properly before this court. However, it is noted that "preserving the right to a jury trial" assumes the right has already attached. The question, more properly, is whether the right to a jury trial would attach if cases were consolidated where such a right might not have previously existed.
We find no merit in Assignment of Error No. 2.

ASSIGNMENT OF ERROR NO. 4
It is argued the trial court erred in denying defendant's motion in arrest of judgment. Defendant contends the motion in arrest of judgment should have been granted on two grounds. First, he contends the affidavit charging aggravated assault is fatally defective because of its vagueness and failure to name the victim. Second, the defendant re-urges his arguments, supra, on his right to a jury trial in support of this motion.
*1106 The affidavit is not as vague as defendant maintains, and it does in fact name the victim. It states in pertinent part,
"... that on or about the 24th day of September, A.D., 1980 and within the Territorial Jurisdiction of said Court in Lafayette Parish, Louisiana, one Darrell Comeaux did commit an aggravated assault with a dangerous weapon, to-wit: a blue steel revolver, on one Joseph Robin, at 2727 N.W. Evangeline Thurway, (sic) Lafayette, Louisiana, in violation of the provisions of R.S. 14:37."
The language utilized varies slightly from the possible forms of charging offenses which are enumerated in La.C.Cr.P. Art. 465, but it does convey to the defendant the nature and elements of the crime charged.
The Louisiana Constitution of 1974 requires in all prosecutions the accused be informed of the nature and cause of the accusation against him. La.Const. Art. I, § 13. Under this general mandate this court has determined that an affidavit, bill of information or indictment must be clearly and concisely stated. It must contain all the elements of the crime intended to be charged in sufficient particularity to enable the defendant to prepare for trial, to allow the court to determine the propriety of the evidence which is submitted upon the trial, to impose the correct punishment on a verdict of guilty, and finally to afford the defendant protection from subsequent prosecutions for the same offense. State v. Dozier, 258 La. 323, 246 So.2d 187 (1971). In addition, La.C.Cr.P. Art. 473 requires the identification of the victim when the name of the person injured is substantial and not merely descriptive. The affidavit in the present case meets the requirements set out in State v. Dozier, supra, and La.C.Cr.P. Art. 473.
A proper reading of the affidavit reveals Darold Comeaux is charged with committing an aggravated assault, the dangerous weapon he allegedly used is a blue steel revolver, and the aggravated assault was committed on Joseph Robin. Defense counsel's contrary readingthat neither the victim nor the dangerous weapon appears on the affidavitstrains the imagination. This alleged defect was raised for the first time on appeal. The defendant has not claimed any surprise or shown any prejudice due to this alleged defect. A technical insufficiency in an indictment may not be raised for the first time after conviction where the indictment fairly informed the accused of the charge against him and the defect does not prejudice him. State v. Russell, 397 So.2d 1319 (La.1981); State v. Dowling, 387 So.2d 1165 (La.1980); State v. Turner, 337 So.2d 1090 (La.1976); State v. Anderson, 332 So.2d 452 (La.1976).
Defendant's claim that the motion in arrest of judgment should have been granted due to an alleged violation of his right to a jury trial was extensively discussed above.
We find no merit in Assignment of Error No. 4.

ASSIGNMENT OF ERROR NO. 5
Defense counsel argues the trial court did not have jurisdiction over the matter. Defendant contends since he was entitled to a jury trial a City Court did not have jurisdiction to hear the matter. Having concluded defendant, under the facts of this case, was not entitled to a jury trial, it follows the City Court did have jurisdiction.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 6
Defense counsel argues the defendant was tried twice for the same offense and therefore raises the claim of double jeopardy. It is contended the aggravated assault was an attempted battery and defendant should not be convicted of both offenses where they arise from the same incident with the same victim. In support of his contention, defendant recites the state merely resubmitted the evidence from the first trial to substantiate the charges in the second trial.
Defendant's argument falters when the definition of "assault" is applied to the facts of the present case. La.R.S. 14:36 provides:

*1107 "Assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery."
Here the aggravated assault occurred when Comeaux brandished the revolver. He thereby intentionally placed Robin in reasonable apprehension of being shot. The simple battery charge arose when Comeaux struck Robin, before he ever drew his revolver. It is clear that although the offenses arose from the same incident they are separate offenses with separate elements to each offense.
In State v. Solomon, 379 So.2d 1078 (La. 1980), this court made the following review of general principles applicable to double jeopardy:
"Both the Louisiana and the United States Constitutions provide that no person shall be twice put in jeopardy of life or liberty for the same offense. U.S. Const. amend. 5; La.Const. art. 1, sec. 15 (1974). Article 596 of the Louisiana Code of Criminal Procedure states that double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial. (emphasis added.)
Thus, defendant submits for our review whether the burglary charge and theft conviction are the "same offense" for double jeopardy purposes.
"This Court has adopted the `same evidence' test to determine the identity of offenses. This test holds that two offenses are the same for double jeopardy purposes if the same evidence is required for the conviction of each offense. If one offense requires proof of additional facts which the other does not, then the accused may be tried and convicted on both offenses unless the gravamen of the second offense is essentially included within the offense for which first tried, in which case the second prosecution is barred because of former jeopardy. State v. Nichols, 337 So.2d 1074 (La.1976); State v. Didier, 262 La. 364, 263 So.2d 322 (1972)."
Applying this analysis to the facts of the present case it is apparent there are two different offenses for double jeopardy purposes. The aggravated assault charge requires proof of the gun being brandished whereas the simple battery charge requires proof of Comeaux actually hitting Robin. Although the same body of evidence was presented on each charge, different and distinct parts of the defendant's course of conduct were required to prove each charge.
We find Assignment of Error No. 6 to be without merit.
For the reasons assigned, the convictions of Darold Comeaux are affirmed and we remand for sentencing.
AFFIRMED AND REMANDED.
DIXON, C. J., dissents with reasons.
LEMMON, J., dissents and assigns reasons.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
Here defendant is charged with two offenses out of the same encounter between two men. He was arraigned on both charges at the same time. Twelve days later over defendant's objection (that he was entitled to a jury) he was tried and convicted of aggravated assault; then, on a stipulation, the judge found him guilty of battery on the evidence previously heard. This was a serious offense, and the judge will probably (he stayed proceedings pending our action) sentence defendant to well over six months in jail. Defendant is exposed to one year in jail. He ought to be able to get the jury trial to which he is entitled.
LEMMON, Justice, dissenting.
The majority holds that the trial judge did not err in refusing to consolidate the *1108 two affidavits for trial because defendant did not make a motion to consolidate. However, defendant did object to separate trials under separate affidavits, and that objection clearly was the equivalent of a request for consolidation. C.Cr.P. Art. 706.
Although the Code provides that the granting of a defense motion to consolidate is discretionary, the denial of the motion solely for the purpose of avoiding a jury trial is an abuse of discretion. See State v. Jones, 396 So.2d 1272 (La.1981). Furthermore, I believe there is no logical distinction, with respect to the Louisiana constitutional right to trial by jury, between tandem trials before the same judge and a single trial of joined misdemeanor counts. See State v. Grimble, 397 So.2d 1254 (La. 1981) (Lemmon, J., dissenting). Nevertheless, I still adhere to the view, expressed in dissent in Grimble, that the trial court may deny a jury trial in a case of joined misdemeanors (with individual maximum penalties not exceeding the jury trial limit) by deciding and committing in advance of trial not to impose a penalty exceeding a $500 fine or six months imprisonment. By such a self-imposed limitation the court effectively determines in advance that consecutive sentences will not be imposed in a "case" which involves offenses arising out of "the same act or transaction" or "constituting parts of a common scheme or plan". C.Cr.P. Arts. 493 and 883. Therefore, the "case" is not one in which defendant is entitled to trial by jury.
Except for Grimble, the trial court in this case could have granted the motion to consolidate and still denied a jury trial by imposing the described limitation on sentence exposure. Because Grimble precluded that procedural alternative, either the state should have dismissed one charge or the trial court should have consolidated the affidavits.
NOTES
[*] Judges Grover L. Covington, Luther F. Cole and J. Louis Watkins, Jr. of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc., joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] There is some discrepency as to what was said exactly and how long Comeaux displayed the revolver. Although Robin testified it was only a few seconds, Williams stated it was a minute or two and Grossie stated it was five minutes. Comeaux did not testify.
[2] In Nettleton, the state elected to charge the multiple offenses in separate Bills of Information but, unlike the present case, it appears the offenses were deemed consolidated and to be tried in a single proceeding.
[3] La.C.Cr.P. Art. 779 entitles a defendant to a jury trial when charged with a misdemeanor in which the punishment may be a fine in excess of $500.00 or imprisonment for more than six months. La.Const. of 1974, § 17 only entitles a defendant to a jury trial in a case where the punishment may be imprisonment for more than six months, without mention of any fine.
[4] La.C.Cr.P. Art. 883 authorizes consecutive sentences for two or more offenses based on the same act or transaction. The offenses of aggravated assault and simple battery each carry a maximum sentence of six months imprisonment. La.R.S. 14:35 and 14:37. The defendant in the present case is therefore subject to a possible one year term of imprisonment upon conviction of these two offenses.
[5] Under this posture had jurors been utilized, it would have been necessary to impanel two separate juries for two separate trials. Art. I, § 17 requires that "a case" be tried before "a jury."
[6] Defendant points to State v. Robertson, 310 So.2d 619 (La.1975), in support of his contention that cases can be informally consolidated. In both State v. Robertson, supra, and State v. Laurent, 290 So.2d 809 (La.1974), the cases were consolidated without motion or objection from the defendants. However, the holdings in Robertson and Laurent seem to indicate that it is harmless error for the trial court to order consolidation on its own motion where defendant does not object and no prejudice is shown. However, in the present case, the trial court stated that there was no joinder of offenses or consolidation of cases. Moreover, the record is void of any indication that these cases were ever consolidated.