HALL, Judge,
concurring.
Upon consolidation of the several charges for trial, defendants were entitled to a jury trial. I agree that the convictions must be set aside because defendants were not advised of their right to a jury trial and did not knowingly and intelligently waive that right.
I understand the majority opinion to imply that upon consolidation the prosecution could not proceed, even if the defendant waived trial by jury. The purpose of this concurring opinion is to express disagreement with that proposition. Consolidation for trial of several affidavits charging offenses of which the city court had jurisdiction when filed should not deprive the city court of jurisdiction of the case if at the time the charges are consolidated the defendant waives trial by jury. Multiple offenses can be consolidated and tried without a jury whether consolidation is on defendant’s motion or without objection by the defendant and where the defendant knowingly and intelligently waives trial by jury.
As noted in State v. Comeaux, 408 So.2d 1099 (La.1981), left unanswered is the question of whether a motion by the defendant for consolidation of charges in a city court would amount to a waiver of a jury trial. Also unanswered is the question of whether a motion to consolidate could or should be denied because consolidation would have the effect of terminating the prosecution in the absence of a waiver of jury trial or if such a waiver is not possible as implied by the majority opinion.
I concur in setting aside the convictions and in remanding the cases to the city court.