734 So.2d 83 (1999)
STATE of Louisiana
v.
Magnus Joseph LeCOMPTE.
No. 98 KA 1159.
Court of Appeal of Louisiana, First Circuit.
April 1, 1999.
*84 Ellen D. Doskey, Houma, for State-Appellee.
Burton P. Guidry, Cynthia Eyre Guidry, Slaughter, for Defendant-Appellant.
Before: LeBLANC, FOGG, and PARRO, JJ.
FOGG, J.
The defendant, Magnus Joseph LeCompte, was charged by bill of information with molestation of a juvenile (Count 1), in violation of LSA-R.S. 14:81.2(A), oral sexual battery (Count 2), in violation of LSA-R.S. 14:43.3(A), and two counts of indecent behavior with a juvenile (Counts 3 and 4), in violation of LSA-R.S. 14:81(A). He pled not guilty and, after a jury trial, was found guilty as charged on all four counts. For the molestation of a juvenile and oral sexual battery convictions, he received two sentences of fifteen years at hard labor. For the indecent behavior with a juvenile convictions, he received two sentences of five years at hard labor. Judge Pro Tempore Richard P. Mire ordered all four sentences to run concurrently and suspended them, placing the defendant on supervised probation for five years with numerous special conditions of probation, including an aggregate fine of $15,000.
Thereafter, the state filed a motion to review and correct an illegal sentence. This motion was based upon the allegation that the sentence on Count 1 was illegally lenient because a suspended sentence and probation were not allowed under LSA-R.S. 14:81.2(D). In the alternative, the state requested that the district court reconsider the sentence for excessive leniency. Judge Pro Tempore Remy Chiasson granted the state's motion, vacated the Count 1 sentence, and ordered the matter reallotted with the consent of counsel.
On August 24, 1995, Judge John R. Walker recused himself based upon his previous employment as an assistant district attorney and familiarity with the case. On August 25, 1995, Judge John T. Pettigrew fixed the defendant's post-conviction bond, but apparently took no further action in this case.
The minutes indicate that the case was reallotted to Judge Timothy C. Ellender. On September 15, 1995, Judge Ellender resentenced the defendant on Count 1 under LSA-R.S. 14:81.2(D) to ten years at hard labor, including five years without benefit of parole, probation, or suspension of sentence.
On February 18, 1997, the defendant filed a pro se motion to correct an illegal sentence. This motion was based upon the allegation that the resentencing on September 15, 1995, was illegal and requested reinstatement of the original suspended sentence and probation on Count 1. After hearings on April 24 and June 25, 1997, Judge Ellender denied the defendant's pro se motion.
The defendant has appealed, alleging nine distinct assignments of error, as follows:
1. The trial court erred in admitting certain irrelevant and inadmissible evidence.

*85 2. Error occurred when Judge Chiasson, rather than the judge who presided over the trial and initially imposed sentence, decided that the sentence was illegal and granted the state's Motion to Correct Illegal Sentence.
3. Error occurred when Judge Chiasson found that the sentence on Molestation of a Juvenile was illegal, vacated the sentence, and reallotted the case.
4. Error occurred when the case was somehow reallotted to Division "C", where Judge Ellender resentenced the defendant.
5. Error occurred when Judge Ellender denied the defendant's Motion to Correct Illegal Sentence.
6. Error occurred in any and all instances where the judge who presided over the case was not allowed or appointed to remain on the case until such time as the trial court's jurisdiction was divested.
7. Error occurred in any and all instances where the case was transferred, reallotted and the like.
8. Error occurred when Judge Ellender resentenced the defendant under LSA-R.S. 14:81.2(D) rather than under LSA-R.S. 14:81.2(B), when the specific elements of Section D had neither been alleged nor proven.
9. All errors patent on the face of the record.
Assignment of error number one was not briefed on appeal and, therefore, is considered abandoned. See Uniform Rules Courts of Appeal, Rule 2-12.4.

FACTS
At the time of the instant trial, September 14-16, 1994, S.D., the female victim of Counts 1 and 4, was thirteen years old, and her brother, B.D., the male victim of Counts 2 and 3, was fourteen years old. Their mother, C.B., married the defendant in 1987. In March of 1989, the defendant was arrested on charges of sexual abuse of the victims. However, the district attorney's office dismissed these charges when the victims recanted their allegations against the defendant several months later. On the night of December 5, 1992, C.B. observed the defendant, who was naked, leaving S.D.'s bedroom, which precipitated a series of arguments and eventually led to the defendant's arrest and, ultimately, their divorce.
At the trial, the victims recounted the acts of sexual abuse by the defendant. They explained that the defendant had sexually abused them back in 1989, but the defendant's arrest upset their mother, so they decided to withdraw their allegations against him. B.D. testified that he had performed oral sex upon the defendant and the defendant had performed oral sex upon him. The defendant had forced compliance with threats of beatings and violence against others. B.D. indicated that the abuse occurred when his mother left to go play bingo, which was a frequent occurrence.
S.D. testified that the defendant had touched her chest, placed his fingers in her vagina, and masturbated in her presence. If she refused, the defendant threatened to beat B.D. She indicated that the defendant had engaged in such conduct on a regular basis, about twice a month from late 1989 until about one week before they moved out of the house (after the December 5, 1992, incident). She testified that the abuse usually occurred after the defendant had been drinking.
Their mother, C.B., testified about her emotional problems, her relationship with the defendant, and their ultimate divorce. The defendant denied any sexual abuse of the victims and indicated that he did not know why they were making these false claims against him.

ASSIGNMENTS OF ERROR NUMBERS TWO, THREE, FOUR, SIX, AND SEVEN
All five of these assignments of error relate to a single issue, the involvement *86 of various judges in this case. In the second and sixth assignments of error, the defendant contends that error occurred when Judge Chiasson, rather than Judge Mire, granted the state's motion to review and correct an illegal sentence. The defendant argues that, because Judge Mire was the judge who presided over the trial and imposed the original sentence, he was the judge who should have ruled on the state's motion. However, it is clear from the record that Judge Mire's temporary appointment had expired. The Louisiana Supreme Court makes such temporary judicial appointments. This court cannot review the rulings, judicial appointments, or other actions taken by the Louisiana Supreme Court. As Judge Mire's term had expired, and Judge Chiasson was the appointed judge sitting at the time of the state's motion, we can find no error in Judge Chiasson's decision to rule on the state's motion.
In the third assignment of error, the defendant contends that Judge Chiasson erred in reallotting the case after he vacated the sentence. However, the minute entry for August 24, 1995, clearly indicates that counsel agreed to have the matter reallotted. The defendant cannot now complain that Judge Chiasson reallotted the case for resentencing, when his attorney joined in the request for such action.
In the fourth assignment of error, the defendant complains that the minutes indicate the case was reallotted to Judge Pettigrew, yet it was Judge Ellender who finally resentenced him. However, the minutes do not indicate that the case was reallotted to Judge Pettigrew. The state contends that Judge Pettigrew merely imposed the defendant's post-conviction bond. It would appear that this assertion by the state in its brief to this court is correct. The minutes indicate that the case was reallotted to Judge Ellender, who resentenced the defendant on September 15, 1995.
Finally, although the defendant also complains that some of the transcripts for various reallotment proceedings are not included in the record (this argument apparently pertains to the defendant's seventh assignment of error), it does not appear that he requested these transcripts be included in the instant appeal record, nor does he explain how the absence of these transcripts has prejudiced him. As noted above, the minutes indicate that Judge Chiasson reallotted the case with consent of counsel. Judge Walker recused himself for obvious reasons. Apparently, Judge Pettigrew's only involvement in the case was to set the defendant's post-conviction bond. The minutes do indicate that the case was finally reallotted to Judge Ellender, and the transcript of the September 15, 1995 resentencing is contained in the instant record. For the above reasons, these assignments of error are meritless.

ASSIGNMENTS OF ERROR NUMBERS FIVE AND EIGHT
These assignments of error relate to the granting of the state's motion to review and correct an illegal sentence, the resentencing on the molestation of a juvenile conviction (Count 1) under LSA-R.S. 14:81.2(D), and the denial of the defendant's pro se motion to correct an illegal sentence. In the fifth assignment of error, the defendant contends that Judge Ellender erred in denying his pro se motion to correct an illegal sentence. In the eighth assignment of error, the defendant contends that his original sentence was legal, that Judge Chiasson erred in granting the state's motion and vacating the original sentence, and that Judge Ellender erred in imposing the new Count 1 sentence under LSA-R.S. 14:81.2(D).
LSA-R.S. 14:81.2 provides, in pertinent part:
A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of *87 any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.
B. Whoever commits the crime of molestation of a juvenile shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than ten years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
C. Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893.
D. (1) Whoever commits the crime of molestation of a juvenile when the incidents of molestation recur during a period of more than one year shall, on first conviction, be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not less than five nor more than fifteen years, or both. At least five years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence.
Subsection D was added by 1991 La. Acts No. 925, § 1, effective September 6, 1991.[1]
The defendant does not contest the fact that the evidence established molestation which recurred during a period of more than one year. However, he notes that the state only included Subsection A in the bill of information, and that the verdict rendered in Count 1 gave no indication of a finding by the jury that the more than one year requirement in Subsection D had been proven. He concludes that the resentencing under Subsection D was erroneous because a finding of repeated molestation during a period of more than one year "cannot be inferred from the jury verdict."
Conversely, the state contends that Subsection D is merely a sentencing enhancement provision, which should be applied by the sentencing judge when the evidence establishes that the molestation recurred during a period of more than one year. Thus, the state asserts that the trial court's granting of its motion and subsequent resentencing under Subsection D was correct. We disagree.
In our review of this matter, we have discovered several fatal flaws which lead us to conclude that the defendant's resentencing under Subsection D was erroneous. First, the bill of information in this case did not specifically allege that the "molestation recur[red] during a period of more than one year." The bill of information stated that the defendant was charged only with molestation of a juvenile, in violation of Subsection A. Second, the jury charge did not include a specific instruction on the more than one year recurring acts element; rather, it included instructions on Subsections A, B, and C only. Finally, the recurring acts element of Subsection D was not included in the verdict form, disallowing the jury an opportunity to express a finding of guilt either with or without the more than one year recurring *88 acts element. Despite each of these fatal flaws, the defendant then was resentenced under Subsection D of the molestation of a juvenile statute, which provides for a more severe penalty if the molestation recurred during a period of more than one year.
Article I, § 13 of the Louisiana Constitution provides that an accused in a criminal prosecution has a right to be informed of the nature and cause of the accusation against him. Concomitantly, the Louisiana Code of Criminal Procedure requires that the indictment be a plain, concise, and definite written statement of the essential facts constituting the offense charged. LSA-C.Cr.P. art. 464. The indictment must contain all of the essential elements of the crime intended to be charged in sufficient particularity to enable the defendant to prepare for trial, to allow the court to determine the propriety of the evidence that is submitted at the trial, to allow the court to impose the correct punishment on a verdict of guilty, and finally to afford the defendant protection from prosecutions for the same offense. State v. Comeaux, 408 So.2d 1099 (La.1981).
The more than one year recurring acts element is an essential element of the offense of molestation of a juvenile under Subsection D. Cf. State v. Mobley, 592 So.2d 1282 (La.1992) (whether the predicate convictions in a multiple offender DWI prosecution are considered essential elements of the offense or essential averments of the bill of information, the state bears the burden of proving the convictions at trial); State v. Krause, 405 So.2d 832 (La.1981) (where an accused is charged as a second DWI offender, the bill of information or indictment must allege the prior conviction). As such, this element should have been specifically listed in the bill of information, the jury charge, and the verdict form. Since, in this case, it was not listed in the bill of information, the jury charge, or the verdict form, the defendant's conviction on Count 1 is valid under Subsection A only.
Considering the above discussion, we conclude the trial court's granting of the state's motion to review and correct an illegal sentence on the ground that the sentence was illegal under LSA-R.S. 14:81.2(D) was erroneous. Thus, the trial court's second Count 1 sentence is vacated, and the case is remanded to the district court for consideration of the state's alternative allegation, raised in its motion, that the sentence should be reconsidered due to excessive leniency. If the trial court should choose to grant the motion based on this alternative allegation of excessive leniency, the court is instructed to resentence the defendant in accordance with the provisions of LSA-R.S. 14:81.2(B).[2]

ASSIGNMENT OF ERROR NUMBER NINE
In this assignment of error, the defendant has assigned as error all errors patent on the face of the record. An assignment of error requesting patent error review is unnecessary, as this court routinely reviews the record for errors patent, whether or not such a request is made by a defendant. See LSA-C.Cr.P. art. 920(2). In any event, we have reviewed the record in these proceedings and have found no reversible patent errors, with the exception of those noted in the above discussion. This assignment of error is meritless.
CONVICTIONS AFFIRMED; SECOND COUNT 1 SENTENCE VACATED; CASE REMANDED WITH INSTRUCTIONS.
PARRO, J., concurs. I agree with the majority opinion in the treatment of LSA-R.S. *89 14:81.2(D), but I would not restrict the trial court to a resentencing in accordance with the provisions of LSA-R.S. 14:81.2(B) only.
NOTES
[1] We note that there is no ex post facto problem involved herein, as S.D., the victim of Count 1, testified that the defendant's abuse occurred about twice a month from late 1989 until about one week before they moved out of the house in early December, 1992.
[2] In the original sentencing, it appears that Judge Mire incorrectly sentenced the defendant, as he imposed a sentence of fifteen years at hard labor, and the maximum incarceration for molestation of a juvenile under Subsection B is 10 years. However, the defendant does not raise the illegality of the original sentence, and, therefore, the issue is not before us.