**UNITED STATES of America**

v.

**Santo CAPPELLO, Ralph Mallamace and Gerard Abbagnaro, Defendants.**

**No. 61–Cr–325.**

United States District Court
E. D. New York.
Oct. 29, 1962.

Joseph P. Hoey U. S. Atty., E. D. New York, for the United States; John A. Occhiogrosso, Asst. U. S. Atty., of counsel.

Herbert A. Lyon, Kew Gardens, N. Y., for defendants Santo Cappello and Ralph Mallamace.

Anthony F. Marra, New York City, for defendant Gerard Abbagnaro; John Sullivan, Johnson City, N. Y., of counsel.

BARTELS, District Judge.

This is an application by the Government under Rule 14 of the Federal Rules of Criminal Procedure for a severance and separate trial of the offenses set forth in Counts 1, 2 and 4 of the indictment on the ground of prejudice, citing in support thereof, United States v. Dioguardi, D.C.N.Y.1956, 20 F.R.D. 10.

The offenses described in all counts of the indictment are parts of the same transaction and while the Government alleges prejudice, the Government does not show in what respect it will be prejudiced by the joinder of these offenses. In Dioguardi, supra, proof of prejudice was the complexity of issues and the unavailability of certain witnesses which were held sufficient under the circumstances. However, in that case there was a severance of defendants, whereas the present case involves a

severance of counts. There is a substantial difference between these two types of severance since "no accused person has any recognizable legal interest in being tried with another, accused with him * * *", United States v. Bronson, 2 Cir., 1944, 145 F.2d 939, 943, whereas the defendant does have a legal interest in a speedy trial as to all offenses if they arise out of the same act or transaction. In fact, Rule 13 of the Federal Rules of Criminal Procedure provides that the court may order two or more indictments tried together if the offenses could have been joined in a single indictment.[1]

When the Government drafts an indictment it is in the controlling position to state what shall be included in the charges. Therefore, when it knowingly has joined together several offenses in several counts it is in a very poor position to request separate trials upon those counts without a strong showing of prejudice, which in this case it has failed to make. It is not enough to justify a severance for the Government to indicate that to date it has been unable to complete its proof with respect to some of the counts. The defendants' interest in a prompt and speedy trial of all the charges made against them clearly outweighs such a claim. Consequently, the interest of justice would be best served by precluding such a severance. The motion is denied.

1. See Section 1.08(2) of the Model Penal Code of the American Law Institute Tentative Draft No. 5, which provides for compulsory joinder of charges.