397 So.2d 1254 (1980)
STATE of Louisiana
v.
Curtis C. GRIMBLE.
No. 67501.
Supreme Court of Louisiana.
December 23, 1980.
*1255 Keith D. Jones, McKernan & Jones, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.
Curtis C. Grimble was charged in a single bill of information with the crimes of driving while intoxicated (R.S. 14:98) and negligent injuring (R.S. 14:39). Following a bench trial, defendant was found guilty on both counts. On the charge of driving while intoxicated, he was sentenced to pay a fine of $400, in default of which he is to serve ninety days in the parish prison; on the negligent injuring count defendant was sentenced to six months' imprisonment. Execution of the latter sentence was suspended and defendant was placed on active supervised probation for two years.
We granted writs in this case upon defendant's application primarily to consider his contention that he was improperly denied a trial by jury.
We find merit in this contention, reverse the convictions and remand the case for a new trial.
The facts surrounding the automobile accident in which defendant was involved are not especially relevant. For our consideration here suffice it to say that there was police officer testimony that defendant appeared intoxicated at the scene of the automobile accident, that an administered photo electric intoximeter test produced a .11% blood alcohol content reading, and that one Neil McCurly, an occupant of the other automobile, was injured in the accident.
Defendant's meritorious argument concerns the trial court's determination that defendant was not entitled to a trial by jury. In arguing a motion to sever trial of these two counts before the trial judge, defendant noted that a joint trial of these charges would expose the defendant to a possible penalty of more than six months' imprisonment and to a fine of more than $500 and that he was, therefore, entitled to a jury trial under C.Cr.P. art. 779 (A). To overcome this problem, the trial court, at the state's request, agreed to instruct itself that the accused would not be subjected to more than six months' imprisonment, even in the event of his conviction on both charges. The court than ruled that its charge ended the accused's right to jury trial, a ruling to which defendant objected.
The question of an accused's right to jury trial in cases where the maximum aggregate *1256 penalty to which the defendant is exposed exceeds six months' imprisonment was addressed by this Court in State v. McCarroll, 337 So.2d 475 (La.1976).
In McCarroll, the defendants were charged with multiple counts of misdemeanor assault and battery. The offenses arose in a single incident and no issue was raised regarding the propriety of the joinder of the offenses for trial. The cases were tried before the trial court without a jury and without advising the defendants of their right to have the matter tried before a jury. Two defendants were convicted following trial; one entered a plea of guilty.
In answering defendants' contention that they were entitled to a jury trial, we determined that, under Article 1, Section 17 of the Louisiana Constitution,[1] the right to jury trial depends upon the maximum penalty which may be imposed in the case. See also C.Cr.P. art. 779. Disregarding earlier holdings that penalties would not be aggregated in order to determine the right to jury trial (City of Monroe v. Wilhite, 255 La. 838, 233 So.2d 535 (1970), State v. Robertson, 310 So.2d 619 (La.1975)) in McCarroll, we found the term "case" to refer to a single indictment or information, even when the bill charges several joined offenses.[2] Thus, when more than one offense is charged in an indictment or information, the aggregate of the penalties to which the defendant is exposed determines the right to trial by jury.
In the case at bar, defendant was charged in a two-count bill of information with DWI (R.S. 14:98) and negligent injuring (R.S. 14:39), each of which is punishable by a maximum of six months' imprisonment and a fine of four (R.S. 14:98) or five (R.S. 14:39) hundred dollars. Aggregation of these penalties subjected the accused to incarceration in excess of six months. He was therefore entitled to a trial by jury.
The state's contention that the trial court might effectively curtail an accused's right to jury trial by agreeing in advance to a limitation of sentence in the event of conviction was impliedly rejected in both McCarroll and in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).[3] In placing emphasis upon maximum sentence exposure, McCarroll emphasizes that it is the legislative determination of an offense's seriousness which entitles an accused to jury trial and not the possibly arbitrary decision-making of the trial court.[4] *1257 Defendant's assignment of error No. 3 is meritorious. Defendant should have been afforded a jury trial.

Decree
For the foregoing reasons the conviction and sentences of defendant Curtis C. Grimble are reversed and the case remanded for further proceedings.
REVERSED AND REMANDED.
MARCUS and BLANCHE, J., dissent.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
I am disinclined to extend the McCarroll rationale to a "case" in which there is no chance that the defendant will receive a sentence of more than six months or a fine of more than $500.[1]
In the present case the trial judge could have severed the two counts for trial pursuant to C.Cr.P. art. 495.1 and tried defendant in back-to-back trials on the same evidence, thereby lawfully subjecting defendant to an aggregate penalty in excess of the minimum required for a jury trial. In order to avoid this inefficient and illogical procedure, the trial judge limited the McCarroll decision to its facts and innovatively constructed a situation in which the "case" did not actually expose the defendant to a sentence of more than six months or a fine of more than $500. The "case" therefore was not one in which La.Const. art. 1, § 17 (1974) mandated a jury trial.
I would affirm the conviction.
NOTES
[1] La.Const. Art. I, § 17 (1974) provides:

"A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict. The accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. The number of challenges shall be fixed by law. Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury." (Emphasis provided.)
[2] This conclusion was reached as a result of the Supreme Court's decision in Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). In that case, involving multiple allegations of contempt, the Court stated:

"We find unavailing respondent's contrary argument that petitioners' contempts were separate offenses and that, because no more than a six months' sentence was imposed for any single offense, each contempt was necessarily a petty offense triable without a jury. Notwithstanding respondent's characterization of the proceeding, the salient fact remains that the contempts arose from a single trial, were charged by a single judge, and were tried in a single proceeding. The individual sentences were than aggregated, one sentence taking account of the others and not beginning until the immediately preceding sentence had expired."
[3] In Duncan, the United States Supreme Court did not concern itself with actual sentence, but rather only with whether the possible jail sentence exceeded six months.
[4] Incidentally, and notwithstanding the trial court's self-instruction regarding the maximum penalty that would be imposed upon the defendant, the actual sentence imposed is potentially in excess of six months. In the event of defendant's default of payment of the fines imposed, he would be required to serve six months on the negligent injuring charge plus ninety days for driving while intoxicated.
[1] The fact that the sentence imposed was in excess of these amounts is a problem, but one which can be resolved by vacating the sentences and remanding for resentencing in accordance with the trial judge's charge to himself.