396 So.2d 1272 (1981)
STATE of Louisiana
v.
Rickie J. JONES.
No. 80-K-1688.
Supreme Court of Louisiana.
April 6, 1981.
*1273 Milton P. Masinter, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns and David Plavnicky, Asst. Dist. Attys., for plaintiff-respondent.
DENNIS, Justice.[*]
The principal issue in this case is whether the trial judge erred in ordering separate trials of offenses when the prosecution moved for severance merely to defeat defendant's request for a jury trial and failed to show how it was prejudiced by a joinder of the offenses. We reverse the defendant's conviction and sentence. The trial court may sever properly joined offenses only upon a showing that a defendant or the state is prejudiced by the joinder. La.C.Cr.P. art. 495.1.
Defendant was charged in a single bill of information with negligently injuring Lawrence Robert in violation of La.R.S. 14:39 and with resisting arrest in violation of La.R.S. 14:108. On the day of the trial, the state moved to sever the two counts. Over defendant's objection, the trial judge granted the motion. The defendant was convicted on the negligent injuring charge following a bench trial and was sentenced to six months' imprisonment, execution of which was suspended on the condition that the defendant make restitution to the victim in the amount of $3000. Additionally, the defendant was placed on two years' active probation. Subsequently, the defendant entered a conditional guilty plea to the resisting arrest charge. After a motion for a new trial was denied, the defendant appealed *1274 to the Appellate Division of the Orleans Criminal District Court which affirmed his conviction by a vote of two to two. We granted defendant's petition to review the denial of his right to a jury trial.
The charges result from an automobile accident which occurred about 1:00 a. m. on January 26, 1979. The defendant, accompanied by a friend, was driving a pick-up truck eastward on Haynes Boulevard in New Orleans. Near the intersection of Haynes and Flounder Road, the defendant's vehicle slammed into the rear of a car driven by Lawrence Robert, an off-duty police officer, causing the officer's car to swerve into a nearby telephone pole. Robert and his passenger, Robin Vance, an off-duty female police officer, were seriously injured. Robert's vehicle was heavily damaged. The defendant did not stop after the collision, but continued to his nearby home. Investigating officers located the defendant's truck later that morning by following a trail of oil and engine coolant from the scene of the accident to the defendant's home.
A defendant has a right to a jury trial when two or more "petty" offenses are joined for trial if the aggregate punishment to which the defendant is exposed in the case exceeds either six months' imprisonment or fines totalling five hundred dollars. La.Const. Art. I, § 17; La.C.Cr.P. art. 779; State v. Nettleton, 367 So.2d 755 (La.1979); State v. McCarroll, 337 So.2d 475 (La.1976). Furthermore, a defendant may not be deprived of his right to a jury trial through the expedient of a trial judge's guarantee of a sentence of six months or less in the event of conviction. State v. Grimble, 397 So.2d 1254 (La.1981). The legislative determination of a case's seriousness entitles an accused to a jury trial, not the possibly arbitrary decision of a trial court. State v. Grimble, supra.
In the instant case, the defendant was charged in a single bill of information with negligent injuring and resisting arrest. He was thus exposed to a maximum penalty of one year imprisonment and a $1000 fine and was entitled to a trial by jury. State v. Grimble, supra; State v. McCarroll, supra. At the outset of the trial, the prosecuting attorney announced that if the defendant insisted upon a jury trial, he would move to sever the two counts. He also stated that he was prepared to try all counts. The defense attorney objected to the severance and stated that his client did not wish to waive his right to a jury trial. The judge overruled the defendant's objection and severed the offenses.
Article 495.1 of the Louisiana Code of Criminal Procedure provides that the court may grant a severance of offenses if it appears that a defendant or the state is prejudiced by the joinder. Prejudice in this context means detriment to one's legal rights or claims. Mere inconvenience or loss of strategic advantage caused by a jury trial does not constitute prejudice. Since the state's motion to sever was prompted by nothing other than its desire to avoid a jury trial, the severance should not have been granted.
Article 495.1, as amended in 1978, essentially tracks the language of Rule 14 of the Federal Rules of Criminal Procedure. 1978 Louisiana Acts, No. 466, § 1. See, Joseph, The Work of the Louisiana Appellate Courts for the 1977-1978 TermCriminal Trial Procedure and Postconviction Procedure, 39 La.L.Rev. 933, 936-38 (1978); Legislative Symposium, Criminal Procedure, 39 La.L.Rev. 262-64 (1978). Since both our joinder and severance provisions are now based upon the federal rules, federal jurisprudence and doctrinal writings construing and applying those rules offer us instructive assistance in this area. State v. McZeal, 352 So.2d 592, 694 (La.1977). See Comment, Joinder of Offenses: Louisiana's New Approach in Historical Perspective, 37 La.L.Rev. 203 (1976).
In United States v. Cappello, 209 F.Supp. 959 (E.D.N.Y.1962), the trial judge denied the government's motion to sever certain counts of the indictment that alleged offenses arising out of the same transactions as those included in the other counts. The court ruled that a strong showing of prejudice by the government was necessary to allow it to sever offenses *1275 it had knowingly joined originally. United States v. Cappello, supra, at 960. The Cappello court held that the government's lack of preparedness on some counts did not override the defendant's interest in a speedy trial on all offenses arising out of the same act or transaction. See, United States v. Zim Israel Navigation Co., 239 F.Supp. 446 (S.D.N.Y.1965) (government's request for severance of defendants denied). See also, 8 Moore's Federal Practice § 1405 (1980). Of course, when the prosecution's interest in a severance is found an appropriate pursuit of a legitimate purpose, the motion is properly granted if defendant's interests are outweighed. See, e. g., United States v. Rubin, 609 F.2d 51, 65 (2d Cir. 1979); Garris v. United States, 418 F.2d 467 (D.C.Cir.1969); United States v. Grullon, 482 F.Supp. 429 (E.D.Pa.1979).
In the present case, however, the prosecution was prepared to try all counts consecutively and made no strong showing of prejudice. The negligent injuring count and the resisting arrest count arose out of the same series of transactions and were both factually and legally interrelated. The charges were properly joined and were severed only in an attempt to avoid the inconvenience of impanelling a jury. Depriving a defendant of a right to jury trial is not a legitimate prosecutorial end. Any added inconvenience entailed in a jury trial does not constitute prejudice within the meaning of Article 495.1.
Because the trial court exceeded its authority in granting the state's motion to sever, we reverse the defendant's convictions and sentences, rejoin the offenses for trial by a jury, and remand the case for further proceedings.
REVERSED AND REMANDED.
CHIASSON and COVINGTON, JJ., concur.
NOTES
[*] Judges Grover L. Covington, Remy Chiasson, and Elmo E. Lear of the Court of Appeal, First Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr., James L. Dennis and Fred A. Blanche, Jr.