478 So.2d 945 (1985)
STATE of Louisiana
v.
Brad J. BOASSO.
Nos. 85-KA-285, 85-KA-344.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1985.
Rehearing Denied December 17, 1985.
Paul A. Bonin, Carla A. Failla, Levenson & Bonin (PLC), of counsel, New Orleans, for defendant-appellant.
John M. Mamoulides, Dist. Atty., Jefferson Parish, A. Guy Delaup, Asst. Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Louise Korns, of counsel, Gretna, for the State of La., appellee.
*946 Before CHEHARDY, KLIEBERT and GRISBAUM, JJ.
CHEHARDY, Judge.
Brad J. Boasso appeals his convictions for violation of LSA-R.S. 14:98, operating a vehicle while intoxicated [DWI], and LSA-R.S. 14:108, resisting an officer. The matters were tried on the same day, as two separate cases, and were consolidated on appeal. (In the DWI proceeding defendant was also charged with and convicted of violating LSA-R.S. 32:63 A, speeding, and LSA-R.S. 14:99, reckless operation of a vehicle, but he has not appealed these convictions.)
FACTS
Deputy Kathleen Briscoe of the Jefferson Parish Sheriff's Office was the only witness at Boasso's trial. She testified that at about 1:00 a.m. on September 3, 1983 she was off duty and in plain clothes, driving a marked Ford LTD police car. As she entered the Interstate-10 East highway from the Veterans Boulevard entrance in Metairie, she observed the defendant and another man riding motorcycles directly ahead of her in the center lane. One of them turned, saw her and exchanged looks with his companion. They then began to weave their motorcycles down the highway in a snake-like motion, crossing and recrossing in front of the police car.
Deputy Briscoe put on the car's emergency red lights and siren, whereupon the two motorcyclists accelerated and sped away. She pursued them, but had to increase her speed to 70 miles per hour to overtake them. After chasing the motorcyclists almost two miles she drew alongside them and, using the car's public address system, she ordered them to pull over. They complied.
Deputy Briscoe identified herself as a police officer and asked them to get off their motorcycles. Briscoe testified she observed that Boasso's speech was slurred and that he was "droopy-eyed, sleepy, disarranged, [and had a] very bad attitude." She smelled alcohol on his breath. She testified he "couldn't stand straight without swaying from side to side." She said Boasso seemed "irritated ... like he was challenging [her]" and he told her, "We were just playing around. Can't you take a joke?"
Deputy Briscoe placed Boasso under arrest and recited the Miranda warnings to him. He refused to perform a field sobriety test or to sign the traffic citations she issued to him. After he had been transported to the East Bank lockup, he refused not only to undergo the photoelectric intoximeter [PEI] test but also to sign the form indicating his refusal to take the test.
Briscoe asked Boasso whether he had been drinking and he denied it, stating he had a dislocated shoulder and was taking medication for it, specifically Percodan. He later admitted to the officer that he had had two beers.
Boasso's companion was also arrested and ticketed for speeding, reckless operation of a motor vehicle and driving while intoxicated. He submitted to the PEI test at the lockup and the results indicated he was not intoxicated. According to Deputy Briscoe, however, the companion had "pinpoint pupils" that did not react to light and she inferred he was on drugs.

ASSIGNMENT OF ERROR NO. 1
Defendant asserts that the trial court erred as a matter of law when it refused his motion for trial by jury. Defendant contends he is entitled to a jury trial because his maximum sentencing exposure was in excess of six months' imprisonment.
Art. I, Sec. 17 of the Louisiana Constitution requires that "[a] case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict."
Further, LSA-C.Cr.P. art. 779 provides that a defendant charged with a misdemeanor in which the punishment may be a fine in excess of $500 or imprisonment for more than six months shall be tried by a jury of six persons, all of whom must concur to render a verdict, while a defendant *947 charged with any other misdemeanor shall be tried by the court without a jury.
The maximum penalties applicable to the charges here are $500 and six months for DWI (first offense); $200 and 90 days for reckless operation of a vehicle; $175 and 30 days for speeding; $500 and six months for resisting an officer. None of the charges individually would entitle defendant to a jury trial.
However, in State v. McCarroll, 337 So.2d 475 (La.1976), our Supreme Court ruled that where two or more charges are joined for trial the right to a jury must be determined by the total punishment that may be imposed in that case. Subsequently our legislature modified the effect of the McCarroll case in certain misdemeanor prosecutions by adding Article 493.1 to the Louisiana Code of Criminal Procedure:
"Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than five hundred dollars, or both."
Defendant received separate traffic citations for DWI, reckless operation and speeding. The three traffic citations were stamped as three bills of information by the district attorney's office, but were jacketed together under a single docket number. The minutes of the record (No. 85-KA-285 on the docket of this court; No. 564-680 on the docket of the First Parish Court) designate each citation as a count of a single informationCount 1, DWI; Count 2, ROMV; Count 3, Speeding. Boasso was arraigned on these charges on November 14, 1983.
As to the fourth charge, defendant had been arrested for flight from an officer (R.S. 14:108.1), but the state charged him in a separate bill of information with resisting an officer, R.S. 14:108 (No. 85-KA-344 on our docket, No. 568-575 on the docket of the First Parish Court). He was arraigned on that charge on February 15, 1984. The minutes reflect the case was consolidated that day with No. 564-680, the three traffic violations.
On the date of trial, the prosecution advised the judge that the resisting-an-officer charge was separate from the traffic violations and would be tried separately. The defense objected to the severance of the resisting-an-officer charge from the traffic charges but the objection was overruled. Accordingly, defendant underwent one trial on the traffic violations and, immediately afterward, a separate trial for the resisting-an-officer charge.
Defendant argues, first, that he was entitled to a jury on the three traffic offenses because the trial judge improperly concluded C.Cr.P. art. 893.1 applied to reduce the penalty exposure in the traffic offenses. Defendant asserts that Article 893.1 could be applied only if the traffic offenses had been joined in a single bill of information rather than three separate bills. Their joinder under one case number, he asserts, does not make them one bill of information. Accordingly, defendant claims he was entitled to a jury trial under State v. McCarroll, supra.
In State v. Landry, 463 So.2d 761 (La. App. 5 Cir.1985), writs denied 464 So.2d 1373, this court held that where the stamped complaint affidavits were filed simultaneously under a single docket number, were presented as one information at arraignment and trial and were considered and treated as one information by both the court and the district attorney, the prosecutions were properly joined so as to constitute separate counts of a single bill of information. Under these circumstances, we held, C.Cr.P. art. 493.1 applied to limit the sentencing exposure to six months and $500 so that the defendant was not entitled to a jury trial.
The treatment of the traffic offenses in the case now before us is analogous to the situation in the Landry case. The three stamped complaint-citations for the traffic violations were filed simultaneously under a single docket number, presented as one information at arraignment *948 and trial and were considered and treated as one information by the court and the district attorney. Accordingly, the ruling in the Landry case applies here. Defendant was not entitled to a jury on the traffic violations.
In addition, however, Boasso contends he was entitled to a jury because the resisting-an-officer charge, filed under a separate bill and case number, had been consolidated with the traffic offenses. He argues the consolidation of the cases exposed him to penalties in excess of six months' imprisonment and $500, thereby entitling him to trial by jury. Boasso asserts the trial judge erroneously severed the two cases, depriving him of his right to a jury.
LSA-C.Cr.P. art. 706 provides that, on motion of a defendant, the court may order two or more indictments consolidated for trial if the offenses could have been joined in a single indictment. Article 706 states further, "The procedure thereafter shall be the same as if the prosecution were under a single indictment." (Emphasis added.)
LSA-C.Cr.P. art. 495.1 provides that the court may grant a severance of offenses if it appears that a defendant or the state is prejudiced by the joinder. In State v. Jones, 396 So.2d 1272, 1274 (La.1981), the Supreme Court ruled that "[p]rejudice in this context means detriment to one's legal rights or claims. Mere inconvenience or loss of strategic advantage caused by a jury trial does not constitute prejudice." The court reversed Jones' conviction after finding that the state's motion to sever was prompted solely by its desire to avoid a jury trial. The court found significant the facts that the prosecution was prepared to try all counts consecutively and made no strong showing of prejudice, that the counts arose out of the same series of transactions and were both factually and legally interrelated.
The court stated, "Depriving a defendant of a right to jury trial is not a legitimate prosecutorial end. An added inconvenience entailed in a jury trial does not constitute prejudice within the meaning of Article 495.1." State v. Jones, supra, at 1275.
In this case, as in the Jones case, the prosecution was prepared to try all the charges consecutively; it made no showing of prejudice had the charges been tried together. The resisting-arrest charge and the traffic offenses arose out of the same series of transactions and were both factually and legally interrelated.
Although the defendant objected to the severance, he had not actually moved for consolidation. In State v. Comeaux, 408 So.2d 1099 (La.1981), the defendant's mere objection to denial of his motion for a jury trial was held insufficient to preserve his right to appellate review of the issues of joinder and right to jury trial.
Here, however, the cases actually had been consolidated previously, as shown in the minutes in the record, although it is not apparent who moved for the consolidation. The defense's objection at trial was to severance of the two cases after the prior consolidation. In the Comeaux case the defendant's separate offenses had never been joined nor had he made a motion for consolidation, therefore he had no basis for objection to separate trials.
Considering the requirements of State v. McCarroll, supra, and the mandate of C.Cr.P. art. 706, the consolidation of the traffic offenses and the resisting-an-officer charge required that the matters be treated as if under one indictment. Thus, defendant was exposed to sufficient penalties to qualify him for trial by jury.
Under these circumstances, we conclude we are compelled to find that the trial judge erred in allowing separate trials of the two cases and in denying defendant trial by jury.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, defendant contends that the trial court erred as a matter of law when it found defendant guilty of violation of R.S. 14:98, DWI, because evidence as to defendant's intoxication was circumstantial and insufficient; further, that the trial court erred in finding *949 defendant guilty of violating R.S. 14:108, resisting an officer, because defendant was arrested under LSA-R.S. 14:108.1, flight from an officer.
In this assignment of error defendant argues that the prosecution has not proven its case beyond a reasonable doubt. He asserts that the circumstantial evidence offered by the state on the DWI charge was insufficient to support a conviction under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and LSA-R.S. 15:438.
In view of our decision on the jury trial issue, we find it unnecessary to discuss the sufficiency of the evidence. No issue of double jeopardy arises on retrial of this case: the parish court did not have jurisdiction over the matter since defendant was entitled to a jury but parish courts are prohibited from trying jury cases. LSA-R.S. 13:1450 A; LSA-C.Cr.P. art. 595(1).

DECREE
For the foregoing reasons, defendant's convictions and sentences on the charges of operating a vehicle while intoxicated, R.S. 14:98, and resisting an officer, R.S. 14:108, are vacated. Because the First Parish Court for the Parish of Jefferson, in which the case was originally tried, has no jurisdiction in jury cases, the matter is hereby transferred to the 24th Judicial District Court for the Parish of Jefferson for a new trial in accordance with the views expressed herein.
CONVICTIONS AND SENTENCES VACATED; CASE TRANSFERRED TO 24TH JUDICIAL DISTRICT COURT FOR PARISH OF JEFFERSON.