WILLIAMS, Judge.
Defendant Michael J. Allain was charged with violations of R.S. 14:98 (driving while intoxicated) and R.S. 14:99 (reckless operation of a vehicle.) The two misdemeanor charges were brought by separate bills of information which were consolidated for trial, and the trial was conducted by the judge alone. Defendant was convicted on both charges.
Our review of the record reflects an error patent favorable to defendant because, according to our recent decision in State v. Henderson, 485 So.2d 656 (1986), defendant was entitled to be informed of his right to jury trial on the driving while intoxicated charge. For this reason, we pretermit a review of defendant’s three assignments of error.
In Henderson, this court determined that in view of the severity of the punishment *1274 meted for a conviction of driving while intoxicated, “La.C.Cr.P. 779A, Louisiana’s statutory response to federal constitutional requirements for trial by jury, entitles defendant to trial by jury because the offense charged is punishable by fines of over $500.00.” Since this right was clarified only subsequent to defendant’s judge trial, it is clear that there was no knowing or voluntary waiver by defendant of his right to jury trial if he so elected.
For the reasons expressed in Henderson and in this opinion, defendant’s convictions are reversed, the sentences vacated and the case is remanded for a trial by jury if the defendant seeks to exercise this right.
REVERSED AND REMANDED.