LOTTINGER, Judge.
In this appeal, the state seeks review of the trial court’s ruling which granted defendant’s motion to quash the prosecution of two misdemeanor charges.
Defendant, Steve Drury, was separately indicted for resisting arrest, La.R.S. 14:108, and simple assault, La.R.S. 14:38. The grand jury report also reflects that, on the same date, defendant was indicted for possession of a fur-bearing animal without a license, La.R.S. 56:10s.[1]
Defendant filed a motion to quash the indictment which charged a violation of La. R.S. 56:103 on the grounds that the indictment failed to charge a crime punishable under a valid statute. The trial court granted defendant’s motion to quash, and the state allowed that judgment to become final by failing to seek appellate review. Thereafter, defendant jointly moved to quash the remaining charges, arguing that he could not he charged with resisting an arrest which the trial court found to be unlawful by dismissing the prosecution. After a hearing, the trial court granted defendant’s second motion to quash and this appeal follows.
It appears, however, that the state’s appeal is not properly before the court. Although La. Code Crim.P. art. 912 provides, in pertinent part, that the state may appeal an adverse ruling on a motion to quash, the appellate jurisdiction of the Courts of Appeal is constitutionally limited by La. Const. Art. V, § 10(A) which provides, inter alia, as follows:
Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of ... (3) all criminal cases triable by a jury, except [when the death penalty has actually been imposed]....
Neither of the two charges which are the subject of this appeal are punishable by more than six months imprisonment; thus, neither offense is triable by jury. See La. Const. Art. I, § 17; La.Code Crim.P. art. 782. Moreover, there is no indication in the record that these cases were consolidated for trial. See State v. McCarroll, 337 So.2d 475 (La.1976). Therefore, this court does not have appellate jurisdiction over this appeal.[2] The state’s proper remedy is to seek relief under the supervisory jurisdiction of this court.
Therefore, the appeal is dismissed.

. The record of this proceeding does not contain a copy of the indictment charging defendant with the possession of a fur-bearing animal without a license since that proceeding had been dismissed prior to the instant motion to quash.

. While the State has not requested that this court consider this appeal as an application for writs, we would deny such a request because the appeal does not comply with Rule 4, Uniform Rules — Courts of Appeal. State v. Clause, 486 So.2d 1206 (La.App. 1st Cir. 1986).