SCHOTT, Judge.
This case was previously before us following defendant’s conviction after a bench trial on charges of driving while intoxicated, LSA-R.S. 14:98, and reckless operation of a vehicle, R.S. 14:99. His conviction was reversed because he was not informed of his right to be tried by jury. See State v. Allain, 488 So.2d 1273 (La. App. 4th Cir.1986). Defendant has again been convicted on both charges following a bench trial which was preceded by the following exchange between the court and counsel:
BY THE COURT:
This is the Allain case.
BY MR. BUCKLEY:
For the purpose of this matter, 92-534, we would like to combine it with matter number 92-535 for trial with the provision that the maximum penalty will be that of 92-534.
BY THE COURT:
Any objection?
BY MR. KUTZGAR:
No, Your Honor. We — there is nothing we can object to. I believe the state has that option. We make one for the record, but under the circumstances—
THE COURT:
No objections. Let the trial proceed.
(Tr. 3).
Since these two misdemeanors were joined for trial defendant’s potential punishment was the aggregate punishment for both offenses which was in excess of a fine of five hundred dollars and imprisonment of six months. Consequently, he was entitled to a trial by jury. C.Cr.P. art. 779; State v. Williams, 404 So.2d 954 (La.1981); State v. Legnon, 464 So.2d 910 (La.App. 4th Cir. 1985). He was further entitled to make a knowing and intelligent waiver of trial by jury and to elect to be tried by the judge. C.Cr.P. art. 780. However, such a waiver is never presumed and must be manifest on the record. State v. Williams, supra.
The exchange quoted above does not suggest that defendant made a knowing and intelligent waiver of trial by jury. On the contrary, it reveals that the state agreed to limit the punishment for both offenses to the maximum authorized by R.S. 14:98 in order to avoid a trial by jury. Defense counsel’s response to the state’s motion was ambiguous. First he stated he had no objection, next he professed a belief that the state had the option to limit the potential punishment, and finally he made an objection for the record.
In State v. Grimble, 397 So.2d 1254 (La. 1980), the defendant was charged with driving while intoxicated and negligent injury (R.S. 14:39). The maximum jail sentence for each was six months. The defendant moved to sever the trial of the two counts and argued entitlement to trial by jury under C.Cr.P. art. 779 because he was exposed to a penalty of more than six months. To overcome this problem the trial court agreed at the state’s request that the maximum sentence would be six months and ruled that this ended the defendant’s right to trial by jury. The Supreme Court held as follows:
“The state’s contention that the trial court might effectively curtail an accused’s right to jury trial by agreeing in advance to a limitation of sentence in the event of conviction was impliedly rejected in both McCarroll and in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). In placing emphasis upon maximum sentence exposure, McCarroll emphasizes that it is the legislative determination of an offense’s seriousness which entitles an accused to jury trial and not the possibly arbitrary deci *786 sion-making of the trial court.” 397 So.2d at 1256.
In State v. Jones, 396 So.2d 1272 (La.1981) the court reiterated its holding in Grimble when confronted with the trial court’s grant of the state’s motion for severance which motion was filed in order to defeat the defendant’s request for a jury trial.
The quoted language of the Grimble case makes it clear that the defendant in the instant case was entitled to a jury regardless of the state’s guarantee of punishment of no more than six months in jail and no more than five hundred dollars as a fine. Defense counsel’s ambiguous statement cannot be construed as the knowing and intelligent waiver of his client’s right to trial by jury required by the Williams case.
Accordingly, the defendant’s conviction is reversed, his sentence is vacated, and the case is remanded for trial by jury unless defendant knowingly and intelligently waives trial by jury and thereby elects to be tried by the judge.
CONVICTION REVERSED, SENTENCE VACATED, REMANDED.