951 So.2d 518 (2007)
STATE of Louisiana, Appellee,
v.
James Anthony REYNOLDS, Appellant.
State of Louisiana
v.
James Anthony Reynolds.
Nos. 41954-KW to 41956-KW.
Court of Appeal of Louisiana, Second Circuit.
March 8, 2007.
*519 Whitley Robert Graves, Benton, for Appellant.
John Schuyler Marvin, District Attorney, John Michael Lawrence, Joseph Andrea Gregorio, Assistant District Attorneys, for Appellee.
Before PEATROSS, DREW and MOORE, JJ.
The applicant, James Anthony Reynolds, seeks review of his convictions and sentences for battery of a police officer, hit-and-run driving, and resisting arrest, after consolidation of five bills of information for trial. This court noted potential error patent and requested a response from the litigants on the issue of advisement of right to jury trial and any waiver thereof, resulting from the aggregate possible penalties for the charged offenses.
When separate bills of information are joined for trial, the aggregate punishment which may be imposed determines whether the right to trial by jury exists. State v. Williams, 404 So.2d 954 (La.1981); State v. Comeaux, 408 So.2d 1099 (La.1981). When the total potential punishment exceeds six months' imprisonment or a fine in excess of $1,000, an accused is entitled to trial by jury. La. C. Cr. P. art. 779 A. State v. Williams, supra. The charges were not properly consolidated in a single bill of information under La. C. Cr. P. art. 493.1, which is the statutory method of implementing a sentencing cap, and avoiding the necessity of a jury trial. See State v. Hornung, 620 So.2d 816 (La.1993). In the case at bar, the applicant is entitled to a trial by jury.
Although the record contains an acknowledgment of an agreement by the state and the defendant's counsel of a sentencing limitation (that the sentences imposed would not exceed six months or fines in excess of $1,000), this agreement, standing alone, cannot operate to deprive the defendant of the right to be informed of his right to jury trial, and to make an informed invocation or waiver of that right, in the absence of a showing that the stipulation manifested actual knowledge of the right to jury trial, and an informed waiver, as in State v. Knowles, 40,324 (La.App.2d Cir.12/30/05), 917 So.2d 1262.
Because we note, as error patent, the failure to advise the applicant of his right to a trial by jury, we vacate the applicant's convictions and sentences. This decision to remand obviates the need to review the applicant's assignments of error. The matter is hereby remanded to the trial court for further proceedings.
DREW, J., dissents with written reasons.
DREW, J., dissenting.
I must respectfully dissent.
Notwithstanding a quarter century of consistent jurisprudence [State v. Grimble, 397 So.2d 1254 (La.1981), and State v. Comeaux, 408 So.2d 1099 (La.1981)], defendant was not entitled to a jury trial. He was properly tried and convicted.
The transcript makes it clear that he was being tried on the misdemeanor version of battery of a police officer, La. R.S. *520 14:34.2.B(1), not one of the felony types of that crime.
Defense counsel, prosecutor, and trial court all agreed that his maximum exposure would not exceed six months of imprisonment, nor exceed a $1,000 fine. This was an enforceable right, for which redress would have been readily available to the defendant, had he received a sentence exceeding the foregoing parameters. He had no exposure for a greater sentence than thatthat's why the stipulation was made, so these consolidated misdemeanors could be properly triable at bench trial.
The guilty convictions are clearly supported by the record, and said rulings fall squarely within the province of the trial court, which heard the evidence and made the calls.
I would find that:
 The defendant, as per stipulation as to sentencing exposure, made in open court, was not entitled to a trial by jury.
 The guilty findings on all three charges should be upheld.
Accordingly, I respectfully dissent.