968 So.2d 722 (2007)
STATE of Louisiana
v.
James A. REYNOLDS.
No. 2007-KP-0641.
Supreme Court of Louisiana.
November 21, 2007.
*723 PER CURIAM.
Granted. The court of appeal's decision is vacated; the defendant's convictions and sentences are reinstated, and this case is remanded to the Second Circuit for treatment of the defendant's remaining assignments of error.
As the majority on the court of appeal panel observed, State v. Reynolds, 41,954, p. 2 (La.App.3/8/07), 951 So.2d 518(Drew, J., dissenting), the trial transcript demonstrates that the parties agreed to "the trying of all the matters concurrently with the stipulation the maximum penalty be six months in jail or a $1000.00 fine." The court of appeal found that, notwithstanding the affirmative concurrence of defendant, the stipulation did not "deprive the defendant of the right to be informed of his right to jury trial, and to make an informed invocation or waiver of that right, in the absence of a showing that the stipulation manifested actual knowledge of the right to jury trial, and an informed waiver. . . ." Reynolds, 41,954 at 2, 951 So.2d at 519 (citation omitted).
The majority on the court of appeal panel thereby sought to effectuate the rule that consolidation of separately charged misdemeanor offenses for trial, as opposed to joinder of the offenses in a single bill of information, may provide a defendant with the right to a jury trial in cases in which the aggregate punishment that could be imposed exceeds six months imprisonment and fines over the amount of $1000. State v. Hornung, 620 So.2d 816, 817 (La.1993); cf. State v. McCarroll, 337 So.2d 475, 480 (La.1976)(in Louisiana, right to a jury trial determined by the aggregate punishment that may be imposed in the case). However, in the present case, the state and defense agreed to try the misdemeanor offenses together in a single proceeding with punishment capped at six months imprisonment and $1000 in fines, i.e., as if the state had, with the concurrence of defendant, filed a superceding bill of information joining all of the offenses together under La.C.Cr.P. art. 493, thereby capping the aggregate punishment that could be imposed at six months imprisonment and a fine of $1,000 as a matter of La.C.Cr.P. art. 493.1. Cf. State v. Crochet, 05-0123, p. 5 (La.6/23/06), 931 So.2d 1083, 1086 (state may effectuate consolidation of separately charged crimes without defendant's consent by dismissing individual bills and filing a superceding information joining all of the offenses in a single proceeding). It does not appear from the agreement that consolidation of *724 the offenses for trial took place, or would have taken place, independently of the stipulation with regard to the sentencing cap. The defendant had no right to a jury trial on the misdemeanor offenses separately charged, La.C.Cr.P. art. 779(A), and joinder of the offenses in a single superceding bill of information (or its functional equivalent) under the sentencing cap imposed by La.C.Cr.P. art. 493.1 also would not deprive defendant of his right to a jury. State v. Johnson, 458 So.2d 1301, 1303 (La.1984)("The state may . . . charge a defendant separately with crimes which each carry a maximum penalty of six months and thereby avoid a jury trial, rather than charge him with such crimes in a single indictment or information. So, too, should defendant not be heard to complain because the state joins two or more six month misdemeanors in a single information, thus limiting, under La.C.Cr.P. art. 493.1, the total maximum authorized punishment for all the offenses to six months imprisonment. . . . ").
Accordingly, defendant did not have the right to a jury trial under the stipulated terms of his agreement with the state and the trial court therefore did not err in failing to secure an express waiver of a jury on the record before trying the offenses in a single proceeding.