STATE OF LOUISIANA, Respondent
v.
JASMINE M. WINSTON, Applicant.
Nos. 43399-KW, 43400-KW, 43401-KW (Consolidated Cases)
Court of Appeals of Louisiana, Second Circuit.
March 20, 2008.
NOT DESIGNATED FOR PUBLICATION.
The Harville Law Firm, L.L.C., By: DOUGLAS LEE HARVILLE, Counsel for Applicant
TERRELL J. MYLES, Chief City Prosecutor, SHERLYN D. SCHUMPERT, Assistant City Prosecutor, Counsel for Respondent.
Before WILLIAMS, PEATROSS and MOORE, JJ.
MOORE, J.:
Under our authority in U.R.C.A. Rule 2-11.3, we assign these consolidated cases for summary disposition, without oral argument. We grant solely for the purpose of remanding these cases to the trial court for further proceedings, pretermitting any consideration of the sufficiency claims raised in the applications. We remand because the record is inadequate for any fair resolution of the claims under Giglio v. United States, 473 U.S. 667, 102 S. Ct. 3375, 87 L. Ed. 2d 481 (1985), and a ruling on that claim may obviate any necessity for review of the sufficiency claim. We remand to allow the defendant to file a motion for new trial within the constraints of La. C. Cr. P. art. 853 regarding the allegation of the State's failure to disclose possible impeachment evidence, and for further evidentiary proceedings on that claim, reserving to all parties the right to seek review of any adverse ruling on the Giglio claim, after the proceedings we now order.
We further note that on a jurisdictional check of these writ applications, that the record provided to this court shows the following:
(1) These three separately-charged crimes were consolidated pursuant to an oral motion of the state prior to the bench trial, without defense objection, which the trial court granted.
(2) All three charges were tried together in one bench trial.
(3) No jury trial advisement was given, nor waiver thereof made.
(4) No sentencing limitation agreement is in the record, as in State v. Reynolds, XXXX-XXXX (La. 11/21/07), 968 So. 2d 722.
(5) With an aggregate maximum punishment of 18 months and additional fines, no joinder in a bill of information under La. C. Cr. P. art. 493.1, and no agreement as to sentencing limitation, the penalty exceeds that which mandates a jury trial under La. C. Cr. P. art. 779, and further makes the convictions appealable under La. Const. art. 5, Sec. 10.
While noting these jurisdictional problems, which we have noted before in State v. Hicks, 41,906 (La. App. 2d Cir. 12/20/06), 945 So. 2d 959, we do not reverse the convictions, but, on remand, will allow the litigants and the trial court to consider the effect, if any, of the deficits in the present record that may impact the validity of the convictions and to respond to and make a record on those claims in the event of any adverse judgment on a claimed jurisdictional deficit.
REMANDED.