# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-263

STATE OF LOUISIANA

VERSUS

DWAYNE WILLIAMS

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 07-CR-2386
HONORABLE GERALD B. WATTIGNY, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Marc T. Amy, J. David Painter and James T. Genovese, Judges.

APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

J. Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, Louisiana 70560
(337) 369-4420
Counsel for:
    State of Louisiana

Mark O. Foster
Louisiana Appellate Project
P.O. Box 2057
Natchitoches, LA 71457-2057
(318) 572-5693
Counsel for Defendant/Appellant:
    Dwayne Williams

**Genovese, Judge.**

On November 28, 2007, the state filed a bill of information charging Defendant, Dwayne Williams, with a June 14, 2007 violation of a protective order, in violation of La.R.S. 14:79. The next day, November 29, 2007, the State filed a second bill of information charging Defendant with a September 18, 2007 violation of a protective order, in violation of La.R.S. 14:79. On December 5, 2007, the Defendant pled guilty to both charges at the same time. At this same hearing, he was sentenced to serve six months in the parish jail on each charge, with credit for time served. The two sentences are to be served consecutively.

On February 6, 2008, the Defendant timely filed a motion for an appeal. Subsequently, this court issued a rule to show cause why his appeal should not be dismissed, as the judgment at issue is not appealable. On March 24, 2008, the Defendant filed a response with this court asserting that although he was charged with two separate misdemeanor bills of information, the State chose to consolidate them for trial purposes. However, the Defendant fails to support this contention or mention any relevant motion made by the State.

In his brief to this court, the Defendant observes *State v. Hornung*, 93-976 (La. 6/25/93), 620 So.2d 816, wherein the Louisiana Supreme Court held that when the district attorney chooses to consolidate for trial purposes misdemeanors charged in separate bills of information, the defendant is entitled to trial by jury if the potential sentences exceed six months imprisonment. This ruling was later reaffirmed in *State v. Reynolds,* 07-641 (La. 11/21/07), 968 So.2d 722. In *Reynolds*, the trial transcript demonstrated that the state and defendant agreed to try two misdemeanor cases together, with a cap that the aggregate sentencing could not exceed six months. The second circuit vacated the conviction and sentence, finding Mr. Reynolds still had a right to a jury trial. The Louisiana Supreme Court reversed and held that a defendant

did not have the right to a jury trial under the stipulation that the aggregate sentences did not exceed six months, citing *State v. Hornung,* 93-976 (La. 6/25/93), 620 So.2d 816.

Louisiana Code of Criminal Procedure Article 706 states:

> Upon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and defendants, if there were more than one, could have been joined in a single indictment. The procedure thereafter shall be the same as if the prosecution were under a single indictment.

In the instant case, the record does not reflect that either party moved to consolidate the two bills of information, as was the case in *Hornung* and *Reynolds. See State v. Drury*, 506 So.2d 772 (La.App. 1 Cir. 1981). In *State v. Comeaux*, 408 So.2d 1099 (La. 1981), the Court addressed the issue of consolidating several offenses in the context of defendant's entitlement to a jury trial, as follows:

> In determining whether a right to a jury trial attaches pursuant to this provision, this court has focused on the maximum penalty which may be imposed in each case. *State v. Grimble*, *supra*; *State v. Jones*, 396 So.2d 1272 (La.1981); *State v. Nettleton*, *supra*; *State v. McCarroll*, *supra*. The "maximum penalty" has been computed by aggregating the penalties which may be imposed upon conviction of each count of a single indictment or bill of information brought before the court in a single trial or proceeding. *State v. Grimble*, *supra*; *State v. Jones*, *supra*; *State v. McCarroll*, *supra*.
>
> A "case" is formally delineated by the bill of information, indictment or affidavit. The case docket number is derived from the affidavit, bill of information or indictment. Cases may be subsequently consolidated pursuant to motion and offenses in an indictment or bill of information may be subsequently severed for separate trial if either party is prejudiced. See La.C.Cr.P. Art. 706 and 495.1; see also, Fed.R.Cr.P. 13. Unless the court orders such consolidation or severance the "case" remains as originally delineated.
>
> The defendant herein was charged by way of two separate affidavits. Two case docket numbers were assigned to the offenses of aggravated assault and simple battery. At arraignment, the two docket numbers were called out by the prosecution as the matters then to be taken up by the court. Even though both offenses arose from the same incident, there are separate and distinct elements to each offense and each offense was tried separately. It is clear these are two separate cases. The fact defendant was notified by way of a single summons and arraigned on both charges at the same time merely indicates judicial efficiency and

does not detract from the formal delineation of the two cases. These offenses continued to be embodied in two separate cases even after defendant's objection and the penalties are not to be aggregated to determine whether a right to a jury trial attaches pursuant to La.Const., Art. I, s 17. There being no right to trial by jury at the time of arraignment, there can be no error in failing to inform the defendant of such a right.

*Comeaux,* 408 So.2d at 1103.

This court finds the reasoning in *Comeaux* is applicable to the instant case. Here, Defendant was charged by separate bills of information and two case docket numbers were assigned and maintained on each offense. At the plea hearing, the two docket numbers were called out by the prosecution as the matters to be taken up by the court. While the offenses are identical and share the same elements, each offense arose from two separate incidents, i.e., the first violation occurred on June 14, 2007, and the second on September 18, 2007. Although Defendant pled guilty to both offenses at the same time, separate minute entries were prepared for each case docket number and separate sentences were imposed with respect to each docket number. Thus, we find the cases have been handled as two separate cases at all times.

Accordingly, the judgment at issue herein is not appealable, pursuant to La.Code Crim.P. arts. 912 and 912.1; therefore, the appeal should be dismissed.

The Defendant-Appellant, Dwayne Williams, is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4-3, within thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**