Judge Daniel L. Dysart
The State of Louisiana (the "State") appeals a district court judgment granting a motion to quash in favor of defendant, Terry Earl. For the reasons set more fully herein, this Court lacks jurisdiction over this appeal. We, therefore, dismiss this appeal without prejudice and transfer this matter to the Appellate Division of the Criminal District Court for the Parish of Orleans.
FACTS AND PROCEDURAL HISTORY
The defendant, Terry Earl, was charged by bill of information dated February 7, 2017 on two counts. Count one of the bill of information charged Ms. Earl with simple criminal damage to two tires belonging to Vincent Earl, with the damage amounting to less than five hundred dollars. Ms. Earl entered a plea of not guilty and, on August 15, 2018, she filed a motion to quash count one of the bill of information. The district court granted the motion on September 24, 2018. The State appealed this ruling on October 11, 2018.
DISCUSSION
The Louisiana Constitution confers jurisdiction to the appellate courts as follows:
Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of.... (3) all criminal cases triable by a jury, except as provided in Section 5, Paragraph (D)(2) of this Article.
La. Const. Art. 5, § 10 (A).[1]
La. C.Cr. P. art 779 provides:
A. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.
It is clear that the charge of simple criminal damage to property, a violation of La. R.S. 14:56 B(1) is not a case "triable by a jury." Under La. R.S. 14:56 B(1), "[w]hoever *1107 commits the crime of simple criminal damage to property where the damage is less than one thousand dollars shall be fined not more than one thousand dollars or imprisoned for not more than six months, or both." La. R.S. 14:56 B(1). Accordingly, this Court does not have jurisdiction over this matter. See State v. Gaubert , 15-0774, p. 6 (La. App. 4 Cir. 12/9/15), 179 So.3d 982, 987, writ denied , 16-0122 (La. 1/23/17), 215 So.3d 681 ("there is no right of appeal from a misdemeanor conviction."); State v. Drury , 506 So.2d 772 (La. App. 1 Cir. 1987) ("the state's appeal is not properly before the court. Although La. Code Crim.P. art. 912 provides, in pertinent part, that the state may appeal an adverse ruling on a motion to quash, the appellate jurisdiction of the Courts of Appeal is constitutionally limited by La. Const. Art. V, § 10 (A) ] ....' ").
We therefore dismiss this appeal without prejudice. Nonetheless, under our supervisory jurisdiction, we transfer this matter to the Appellate Division of the Criminal District Court for the Parish of Orleans, in keeping with this Court's decision in State v. Morel , 95-0926, p. 2 (La. App. 4 Cir. 5/1/96), 673 So.2d 1291, 1292.[2]
APPEAL DISMISSED; TRANSFERRED TO THE APPELLATE DIVISION OF CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

La. Const. art. V § 10 (D)(2) provides: "In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed."

In Morel , we noted that "there is no direct appeal of misdemeanor convictions to the courts of Appeal" and further noted that the "[a]ppellant must seek appeal of his misdemeanor conviction to the Appellate Division of the Criminal District Court for the Parish of Orleans pursuant to LSA-R.S. 13:1337." The Morel Court, thus, "transferred convictions [of two counts of misdemeanor theft] to the Appellate Division of the Criminal District Court for the Parish of Orleans for consideration." Id.