STATE OF LOUISIANA          *          NO. 2019-KA-0928

VERSUS          *

          COURT OF APPEAL

TIM S. CARROLL          *

          FOURTH CIRCUIT

          *

          STATE OF LOUISIANA

* * * * * * *


APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 540-945, SECTION "I"
Honorable Karen K. Herman, Judge
* * * * * *
**JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *
(Court composed of Chief Judge James F. McKay III, Judge Paula A. Brown,
Judge Dale N. Atkins)


LEON J. CANNIZZARO, JR.
DISTRICT ATTORNEY, ORLEANS PARISH
SCOTT G. VINCENT
ASSISTANT DISTRICT ATTORNEY
619 S. White Street
New Orleans, Louisiana 70119
          COUNSEL FOR STATE/APPELLEE


DAVID S. MOYER
DAVID S. MOYER, LLC
13551 River Road
Luling, Louisiana 70070
          COUNSEL FOR DEFENDANT/ APPELLANT


**DISMISSED AND REMANDED**


**JANUARY  15, 2020**

The appellant appeals the ruling of the district court ordering him to pay restitution. Finding that this Court lacks appellate jurisdiction over the misdemeanor conviction we exercise our supervisory jurisdiction for the limited purpose of transferring the matter to the Appellate Division of the Orleans Parish Criminal District Court.

**PROCEDURAL HISTORY**

On November 16, 2018, the appellant entered a no contest plea to a reduced charge of misdemeanor theft. See R.S. 14:64(B)(4). R., p. 1; p. 42 (Misdemeanor Constitutional Waiver of Rights form). The district court conducted restitution/sentencing hearings on January 23, 2019 and February 9, 2019 and sentenced the appellant to a deferred term of six months' imprisonment and ordered that he pay restitution in the amount of $7,460.00 within two years. On March 12, 2019, the appellant filed a "motion to appeal sentence." The docket master reflects that the district court granted a notice of appeal on March 27, 2019, and the record was lodged in this Court on October 23, 2019. The appellant's sole claim is that the district court lacked the authority to impose the term of restitution.

1

**DISCUSSION**

The merits are not germane to the appellant's argument as this Court lacks appellate jurisdiction over the misdemeanor conviction.

The Louisiana Constitution sets out jurisdiction to the appellate courts in pertinent part as follows:

> Except as otherwise provided by this constitution,[1] a court of appeal has appellate jurisdiction of . . . (3) all criminal cases triable by a jury . . . . It has supervisory jurisdiction of cases which arise within it circuit.

La. Const. art. V, § 10(A).

> La. C.Cr.P. art 779 provides:
>
> A. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
>
> B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.

The appellant pled guilty to a misdemeanor not triable by jury. See R.S. 14:67(B)(4) (setting forth maximum sentence of six months' imprisonment and/or fine of not more than $1,000.00). That being the case, this Court lacks appellate jurisdiction over the case, which is vested exclusively in the Appellate Division of the Orleans Parish Criminal District Court. See R.S. 13:1337(A) (". . . . In all cases tried before the judges of the criminal district court in which an appeal does not lie to the supreme court [or court of appeal], an appeal shall lie on questions of law and fact to two or more of the judges of the criminal district court, as prescribed by said court."); State v. Morel, 95-0926 (La. App. 4 Cir. 5/1/96), 673

---

[1] In capital cases in which the death penalty has been imposed and when a law or ordinance has been declared unconstitutional, appellate jurisdiction is vested in the Louisiana Supreme Court. La. Const. art. V § 10 (D)(2).

So.2d 1291 ("Having determined that appellant's felony convictions are no longer before this Court, we are compelled to remand his appeal of his misdemeanor convictions, as there is no direct appeal of misdemeanor convictions to the Courts of Appeal.  The appellant must seek appeal of his misdemeanor conviction to the Appellate Division of the Criminal District Court for the Parish of Orleans pursuant to LSA-R.S. 13:1337.").

Accordingly, we dismiss the appeal without prejudice but exercise our supervisory jurisdiction[2] for the limited purpose of transferring the case to the Appellate Division of Criminal District Court. *Cf.* State v. Earl, 2018-0976 (La. App. 4 Cir. 12/5/18), 259 So.3d 1105.

**DISMISSED AND REMANDED**

---

[2] See La. Const. art. V, § 10(A); La. C.Cr.P. art. 912.1(C).