STATE OF LOUISIANA       *       NO. 2019-KA-0971

VERSUS       *

      COURT OF APPEAL

RASHAD W. ESTEM       *

      FOURTH CIRCUIT

      *

      STATE OF LOUISIANA

* * * * * * *


APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 538-914, SECTION "J"
Honorable Darryl A. Derbigny, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Paula A. Brown)

**Brown, J., Concurs in the Result**

Leon Cannizzaro
District Attorney
Donna Andrieu
Assistant District Attorney
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR STATE OF LOUISIANA/ APPELLANT

Alexis Chernow
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue
Suite 700
New Orleans, LA 70119

      COUNSEL FOR DEFENDANT/APPELLEE

**APPEAL TRANSFERRED TO THE APPELLATE DIVISION OF
CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS**


      **MARCH 11, 2020**

## *Procedural History*

On December 12, 2017, the state filed a bill of information charging defendant with the misdemeanor counts of illegal carrying of weapons and possession of marijuana. As reflected in the docketmaster and the State's brief, a several pretrial motions and continuances followed. Then, on April 24, 2019, the court granted defendant's motion to quash, immediately following which the State noticed its intent to appeal. The substance of the State's appeal is that the district court erred when it granted the motion to quash.

## *Discussion*

Whatever the merits of the State's argument, this Court lacks appellate jurisdiction over the case.

The Louisiana Constitution sets out jurisdiction to the appellate courts in pertinent part as follows:

> Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of . . . (3) all criminal cases triable by a jury . . . . It has supervisory jurisdiction over cases which arise within it's circuit.

1

La. Const. art. V, § 10(A).

La. C.Cr.P. art 779 provides:

A. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.

B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.

Both charges in this case are not triable by jury.[1] Thus, this Court lacks appellate jurisdiction, which is vested in the Appellate Division of the Criminal District Court. *See* La. Const. art. V, §10 (1974); La. C.Cr.P. art. 779; La. C.Cr.P. art. 912.1; *see also* R.S. LSA-R.S. 13:1337(A) (". . . . In all cases tried before the judges of the criminal district court in which an appeal does not lie to the supreme court [or court of appeal], an appeal shall lie on questions of law and fact to two or more of the judges of the criminal district court, as prescribed by said court."); *State v. Morel*, 95-0926, pp. 1-2 (La. App. 4 Cir. 5/1/96), 673 So.2d 1291, 1292 ("Having determined that appellant's felony convictions are no longer before this court, we are compelled to remand his appeal of his misdemeanor convictions, as there is no direct appeal of misdemeanor convictions to the courts of Appeal. Appellant must seek appeal of his misdemeanor conviction to the Appellate Division of the Criminal District Court for the Parish of Orleans pursuant to La. R.S. 13:1337."); *State v. Drury* 506 So.2d 772, 773 (La. App. 1 Cir. 1987) ("the state's appeal is not properly before the court. Although La. Code Crim. P. art. 912

---

[1] La. R.S. 14:95(B) provides that the maximum penalty for illegal carrying of weapons is a fine of not more than $500 or imprisonment for not more than six months, or both. La. R.S. 40:966(C)(2)(a) provides that the maximum penalty for misdemeanor possession of marijuana (first offense) is fifteen days in parish jail, or a fine of $300, or both.

provides, in pertinent part, that the state may appeal an adverse ruling on a motion to quash, the appellate jurisdiction of the Courts of Appeal is constitutionally limited by La. Const. Art. V, § 10(A) which provides, inter alia, as follows . . . 'Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (3) all criminal cases triable by a jury, except [when the death penalty has actually been imposed]'")

This Court was recently presented with an almost identical situation in *State v. Earl*, 2018-0976 (La. App. 4 Cir. 12/5/18), 259 So.3d 1105, and dismissed the State's appeal granting the defense motion to quash a misdemeanor count without prejudice and transferred the matter to the Appellate Division of the Criminal District Court for the Parish of Orleans.

For these reasons, this appeal is transferred to the Appellate Division of Criminal District Court for the Parish of Orleans.

**APPEAL TRANSFERRED TO THE APPELLATE DIVISION OF CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS**